NO. 07-09-0055-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 13, 2009
_____

CAROLINA FUENTES TENORIO,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 222nd DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-07L-205; HON. ROLAND SAUL, PRESIDING
_____

***Opinion***
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Carolina Fuentes Tenorio (appellant) attempts to overturn her conviction for theft of property valued between $1500 and $20,000 because no evidence purportedly supports her conviction. We affirm.

The record illustrates that appellant and two other women were arrested for stealing goods from Walmart. Their modus operandi involved entering the store, finding an item contained in a large box, removing the item from the box, substituting other items for that

removed, re-sealing the box, paying the cashier for the item previously removed, and then leaving the store with the other goods hidden in the box but for which she did not pay. No one disputes the cost of the substituted items at bar equaled $3036.34. That appellant paid something to the Walmart cashier is also undisputed. Nowhere in the record does the amount actually paid to the cashier appear. And, because the amount is not so reflected in the record and because she was allegedly entitled to an offset equal to that unknown amount, appellant believes that the evidence was legally insufficient to establish that the theft encompassed property valued between $1500 to $20,000. We overrule the contention for several reasons.

First, and as previously mentioned, the record illustrates that the items appellant placed in the box totaled $3036.34. That amount falls between $1500 and $20,000. Consequently there is some evidence of record upon which a rational jury could conclude, beyond reasonable doubt, that appellant stole items valued between $1500 and $20,000.

Second, we cannot hold that the $3036.34 sum appearing of record is meaningless simply because the State did not present evidence of the amount appellant handed the cashier. This is so due to various passages contained in §31.08(d) of the Texas Penal Code. According to that statute,

> *[i]f the actor proves* by a preponderance of the evidence that he gave consideration for or had a legal interest in the property or service stolen, *the amount* of the consideration or the value of the interest *so proven* shall be deducted from the value of the property or service ascertained under Subsection (a), (b), or (c) to determine value for purposes of this chapter.

TEX. PENAL CODE ANN. §31.08(d) (Vernon 2003) (emphasis added).

Furthermore, the passages we deem of import here are those which we italicized. The one stating "if the actor proves" obviously places upon the thief (*i.e.* the defendant) the burden

2

to establish that some "consideration" was given. Admittedly, it alone does not explain the extent of the defendant's burden. But, we are prohibited from plucking words from the statute and reading them in a vacuum. Rather, authority obligates us to read and interpret the statute as a whole. *Ramos v. State,* 264 S.W.3d 743, 750 (Tex. App.–Houston [1st Dist.] 2008, no pet.). And, in doing so here, we see that the legislature followed the passage "if the actor proves . . . he gave consideration" with another stating that "the amount of consideration . . . so proven shall be deducted." When read together, one cannot but reasonably deduce that the latter serves as a modifier of the former. Simply put, the words "amount . . . so proven" define what the legislature intended for the "actor" to prove, and that was (and is) the amount or value of the consideration given.[1] So, the actor's burden is twofold. Not only must he proffer some evidence that consideration was given but also some evidence of the amount or value of that consideration. And, we see nothing in the statute which permits a court to shift that burden to the State.

Thus, appellant was obligated to proffer evidence illustrating how much consideration she gave to the Walmart cashier, not the State as she contends. Since she failed in that regard, no offset existed that could be used to illustrate that the items stolen had a value other than $3036.34 or to otherwise place the value of the stolen items outside the $1500 to $20,000 range.

---

[1]Appellant admits as much in her reply brief when she wrote: "[t]he State is correct that, under the letter of the law, [appellant] was required to produce some evidence of the *amount* of consideration." (Emphasis added).

3

Consequently, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice

Publish.