Opinion issued June 23, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00670-CR

———————————

Dayna LAREE Martinez, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 239th Judicial District Court 

Brazoria County, Texas



Trial Court Case No. 55,534

 



 

MEMORANDUM OPINION

          A
jury found appellant, Dayna Laree Martinez, guilty of the offense of theft of
property worth more than $1,500 but less than $20,000.[1]  The trial court then assessed appellant’s punishment
at confinement for two years, suspended the sentence, and placed appellant on
community supervision for three years. 
In her sole issue, appellant contends that the evidence is legally and
factually insufficient to support her conviction.  

          We affirm.

Background

          Irene
Montiel, who previously worked for the complainant, the Texas  Health and Human Services Commission
(“THHSC”), testified that one of her duties at the THHSC was to conduct
“screenings” to determine an individual’s eligibility for food stamps and
benefits by verifying the person’s income and the size of their household.  As part of the process, a client would first
fill out an “Application for Assistance for Food Stamps and Medicaid” that
Montiel would review.  Appellant first filed
an assistance application with THHSC on August 2, 2005, and Montiel interviewed
appellant on August 19, 2005, to determine her eligibility.  As part of THHSC’s process, Montiel verified
appellant’s income by using four “check stubs” that appellant had provided from
her then current employer, Pilgrim’s Cleaners. 
Montiel explained that every THHSC client is informed that any changes
in their income must be reported to THHSC within ten days.  Appellant, on her application, indicated that
she was at the time employed by Pilgrim’s Cleaners, and she did not provide any
“check stubs” to THHSC from Claire’s Boutique. 


          Louise
Walters, who had previously worked as an “eligibility determination specialist”
in THHSC’s food stamp and Medicaid office, testified that appellant filled out
a second THHSC assistance application and filed it with her office on January
20, 2006.  On February 4, 2006, Walters,
by telephone, interviewed appellant to verify her income, the size of her
household, and her assets to see if she qualified for assistance and, if so,
the amount of assistance she was qualified to receive.  On her application, appellant listed her then
current employer as Claire’s Boutique and stated that she received wages of $350
biweekly.  Walters determined that appellant
was eligible to receive THHSC assistance and food stamps.  In verifying her income, appellant provided
Walters with three pay stubs, which Walters explained “pretty much” matched up
with the amount that appellant had reported on her application.  Walters told appellant that it was her
responsibility to report to THHSC any changes in her income, household
composition, or address within ten days of the change.  

          Kameshia
McCoy, a THHSC welfare fraud investigator, testified that she was assigned to
appellant’s case after a discrepancy was noted. 
As part of her investigation, McCoy contacted appellant’s employer,
Claire’s Boutique, and asked for all of her employment records from the date of
her hire.  McCoy compared appellant’s
first application for THHSC assistance, dated August 2, 2005, in which appellant
listed Pilgrim’s Cleaners as her employer, to her second application, dated
January 20, 2006, in which appellant listed Claire’s Boutique as her employer.  During her investigation, McCoy found that in
November 2005, appellant had provided notice that she was no longer employed by
Pilgrim’s Cleaners, but was then employed by Claire’s Boutique.  However, McCoy learned that appellant had
begun working at Claire’s Boutique in August 2005.  In her second THHSC application for
assistance, dated January 20, 2006, appellant listed her employer as Claire’s
Boutique with her income as “$350 biweekly,” which McCoy explained was the
amount of income that she used to calculate the amount of appellant’s
assistance. 

Based on appellant’s two
applications and the documents that McCoy received from Claire’s Boutique,
McCoy determined that appellant was “over her [income] limit” to receive food
stamps.  By “over her [income] limit,” McCoy
explained that there is a “limit of income” that applicants may make before
becoming disqualified to receive food-stamp benefits.  The limit is approximately $1,600 per month,
and appellant’s income had been in excess of $1,600 per month for approximately
one year.  Appellant, in total, was
“over-issued” $4,194.09 in THHSC assistance. 
McCoy reached this number by comparing the “employment verification from
Claire’s Boutique” with the food stamp benefits that appellant had received previously”
to “determine[] what she was actually eligible for.”  The documentation from Claire’s Boutique revealed
that appellant had earned income in the amounts of $1,050, $1,080, $1,300, and
$923, on a “weekly to biweekly basis.” 
McCoy explained that if appellant had reported her income correctly, she
would not have received any assistance under her second application, and she
would have received less assistance under her first THHSC application.  McCoy further explained that under the first THHSC
application, the amount that appellant actually received was an
“overpayment.”  In calculating $4,194.09 as
the total overpayment made by THHSC to appellant, McCoy factored in the fact that
under her first application, appellant would still have “actually receive[d]
some of those benefits.”  

          On
cross-examination, McCoy explained that a person is not necessarily
disqualified from receiving assistance if she earns over $1,600 per month because
there are other factors that THHSC takes into account.  Here, however, McCoy explained that
appellant’s income was a “big factor.”  

          Appellant
testified that she did fill out the two THHSC applications for assistance, but
she explained that the notation of “eight hours $350 biweekly” meant that she made
“[$]8 an hour, about [$]350 biweekly.” 
She provided income verification in the form of her paycheck stubs,
indicating that she had earned $8 an hour. 
Appellant stated that the testimony that she did not inform the THHSC of
her change in employment until November was “not true” because she, in fact,
did notify THHSC, but she did not hear back from it for two to three
months.  And she was never given an
opportunity to “go over” the amounts, how much income she had received, or what
her hours were at the store after THHSC had noticed a “problem.”  

Standard of Review

We review the legal sufficiency of the evidence “by
considering all of the evidence in the light most favorable to the prosecution”
to determine whether any “rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.”  Jackson v. Virginia, 443 U.S. 307, 318–19, 99 S. Ct.
2781, 2788–89 (1979).  Evidence is legally insufficient when
the “only proper verdict” is acquittal.  Tibbs v. Florida, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2218 (1982).  Our role is that of a
due process safeguard, ensuring only the rationality of the trier of fact’s
finding of the essential elements of the offense beyond a reasonable
doubt.  See Moreno v. State, 755 S.W.2d 866, 867 (Tex.
Crim. App. 1988).  We give deference to
the responsibility of the fact finder to fairly resolve conflicts in testimony,
to weigh evidence, and to draw reasonable inferences from the facts.  Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  However, our duty requires us to “ensure that
the evidence presented actually supports a conclusion that the defendant
committed” the criminal offense of which she is accused.  Id. 

We now review the factual
sufficiency of the evidence under the same appellate standard of review as that
for legal sufficiency.  Ervin v. State, 331 S.W.3d 49, 52–56 (Tex. App.—Houston [1st Dist.] 2010, pet. ref’d)
(citing Brooks v. State, 323 S.W.3d 893, 894–913 (Tex. Crim. App.
2010)).

Sufficiency of the Evidence

          In
her sole issue, appellant argues that the evidence is legally and factually insufficient
to support her conviction because there is no evidence that she unlawfully
appropriated property valued between $1,500 and $20,000.  Although appellant concedes that she received
$4,194.09 in assistance, she asserts that the evidence “fails to indicate if
this amount is allowable in that [McCoy] failed to verify or consider all
allowable deductions to appellant’s income in determining eligibility for benefits.”  

A person commits the felony offense
of theft if she unlawfully appropriates property valued between $1,500 and
$20,000 with the intent to deprive the owner of the property.  Tex.
Penal Code Ann. § 31.03(e)(4)(A) (Vernon Supp. 2010).  

          Here,
appellant asserts that the question is not one regarding the amount of THHSC
funds that she had actually received, but rather the amount of THHSC funds that
she had received “unlawfully.”  She argues
that to “determine this element the jury need[ed] to have evidence [that] the
amount of funds received was over what would have been received with
consideration of [her] allowable deductions compared to the allegations of
appellants acts of fraud or deception.”  Appellant
asserts that the jury was only informed that her “gross pay was ‘over her
limit,’” but notes that evidence of one’s gross income is not the only factor
to consider in determining one’s eligibility for benefits.  

          If a
defendant “proves by a preponderance of
the evidence that [s]he gave consideration for or had a legal interest in the property or service stolen, the
amount of the consideration or the value of the interest so proven shall be
deducted from the value of the property” alleged to have been stolen.  Tex.
Penal Code Ann. § 31.08 (Vernon 2003) (emphasis added.).  Appellant argues that because McCoy did not
provide evidence of her deductions, which should have been considered in
determining her eligibility for assistance, the jury was unable to determine
the actual amount of assistance that she received “unlawfully.”  She asserts that “[w]ithout an established
amount of benefits available to the appellant by a complete review of the
factors to be considered in determining appellant’s available benefits, the
evidence is insufficient to support the allegation [that] appellant unlawfully
obtained more than $1,500.00 but less than $20,000.00.”  

However, appellant had the burden
to prove, by a preponderance of the evidence, that she had a “legal interest”
in the THHSC assistance that she had received before any such amount could be
deducted from the value of the assistance she actually received.  See id.;
Tenorio v. State, 299 S.W.3d 461, 463
(Tex. App.—Amarillo 2009, pet. ref’d). 
Appellant did not introduce any evidence of the amount of THHSC
assistance that she was qualified to receive or any evidence of any deductions
that she was entitled to take to determine her eligibility for THHSC
assistance. 

          Viewing
all of the evidence in the light most favorable to the State, McCoy testified
that appellant had received $4,194.09 more in THHSC assistance than she was
qualified to receive by underreporting her income.  McCoy calculated this amount by using a
computerized-budget system, noting the amounts of THHSC assistance that
appellant had received each month, comparing these amounts to appellant’s
actual income from Claire’s Boutique, and determining that appellant’s income
was “over [the] limit” to qualify for THHSC assistance.  Appellant does not dispute that the evidence
indicates that she received $4,194.09 in THHSC assistance.  Rather, she asserts that McCoy did not
testify as to whether this amount was “allowable in that [McCoy] failed to
verify or consider all allowable deductions to appellant’s income in
determining eligibility.”  Although McCoy
did testify that factors other than gross income can be considered in
determining assistance eligibility, she testified that appellant was “over issued”
$4,194.09 in THHSC assistance and this number was “accurate.”  Additionally, there is no evidence that any
of the “other factors” were present in appellant’s case, which would have
brought her below the $1,600 income-qualification limit.  The jury could have reasonably concluded that
appellant, with the requisite intent, unlawfully appropriated $4,194.09 in
THHSC assistance.  See Williams, 235 S.W.3d at 750 (stating that it
is the function of the trier of fact to resolve any conflict of fact, to weigh
any evidence, and to evaluate the credibility of any witnesses).  Accordingly,
we hold that the evidence is sufficient to support her conviction.  See
Ervin, 331 S.W.3d at 52–56.  

          We
overrule appellant’s sole issue.  

Conclusion

          We
affirm the judgment of the trial court.  

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Higley, and Brown.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]           See
Tex. Penal Code Ann. §
31.03(e)(4)(A) (Vernon Supp. 2010).