**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00426-CR**

_____

**JENNIFER AISLINN SOBEL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 5**
**Montgomery County, Texas**
**Trial Cause No. 13-284487**

**MEMORANDUM OPINION**

A jury convicted Jennifer Aislinn Sobel of theft and the trial court sentenced Sobel to 180 days in jail, but suspended imposition of sentence and placed Sobel on community supervision for a period of two years. Sobel presents seven appellate issues alleging prosecutorial misconduct, harmful admission of bad acts into evidence, violations of Due Process and the Confrontation Clause, entitlement to jury instructions on spoliation and the word "currency," erroneous admission of testimony, and insufficiency of the evidence. We affirm the trial court's judgment.

1

## Factual Background

Erik Kincaid testified that he works in asset protection for Walmart in Porter, Texas. On December 11, 2012, Kinkaid learned of a suspicious woman looking inside a red bag while in the store. Kinkaid saw the woman select a DVD player and place it under her shopping cart. The woman later moved the DVD behind a red bag inside the shopping cart and placed her jacket over the DVD player. Sean Dowell, another asset protection employee, also observed these events. Kinkaid also saw Sobel select a lamp, leather cleaner, dye, and wipes. Both witnesses identified the woman as Sobel. They saw Sobel take the items in her shopping cart to customer service and return the items. Kinkaid testified that the returned items amounted to $116.69 and that Sobel obtained store credit for returning the items. He explained that Sobel used that store credit to purchase other items and received $36.94 in change.

Kinkaid also observed clothing in Sobel's red bag and he testified that, if Sobel entered the store with these clothes, then the clothing did not belong to Walmart. Kinkaid confiscated the clothing. He also took the $36 in change that was in Sobel's possession.

Deputy Brian Skero testified that he reviewed surveillance videos, which showed Sobel entering the store with a red bag, a purse, and an empty shopping

cart. Skero testified that the red bag looked empty. He testified that the videos showed Sobel returning the items, which she had not purchased, in exchange for store credit. Skero explained that it is impossible for someone to enter Walmart with an empty shopping cart, but leave with a refund.

## Sufficiency of the Evidence

In issue seven, Sobel challenges the sufficiency of the evidence to support her theft conviction. Under a legal sufficiency standard, we assess all the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We give deference to the jury's responsibility to fairly resolve conflicting testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13. We address this issue first because, if granted, it would afford the greatest relief.

A person commits theft by unlawfully appropriating property with intent to deprive the owner of the property. Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 9, 1995 Tex. Gen. Laws 2734, 2737-38 (current version at Tex. Penal Code Ann. § 31.03(a) (West Supp. 2015)). "Appropriation of property is unlawful if . . . it is without the owner's effective consent[.]" Tex. Penal Code Ann. § 31.03(b)(1). "If

3

the actor proves by a preponderance of the evidence that he gave consideration for or had a legal interest in the property or service stolen, the amount of the consideration or the value of the interest so proven shall be deducted from the value of the property or service[.]" Texas Penal Code § 31.08(d) (West Supp. 2015). In this case, the State charged Sobel with theft of currency valued at $50 or more, but less than $500, a Class B misdemeanor. Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 9, 1995 Tex. Gen. Laws 2734, 2737-38 (current version at Tex. Penal Code Ann. § 31.03(e)(2)(i) (West Supp. 2015)). On appeal, Sobel maintains that the evidence is legally insufficient to prove deprivation, deception, or value.

Sobel contends that Kinkaid (1) "admitted that the items seized from Appellant — items which she had a legal interest in — were returned to Walmart's inventory and sold to the general public[;]" and (2) "took items from Appellant that did not belong to Walmart, including blue jeans, shirts, shoes, and other items, for which he totally failed to credit Appellant . . . . the value of items seized from Appellant by Walmart exceeded the value of items she purportedly stole." Assuming, without deciding, that section 31.08(d) applies to this case, Sobel, not the State, must have proffered some evidence that consideration was given and some evidence regarding the amount or value of that consideration. *See id*. § 31.08(d); *see also Riley v. State*, 312 S.W.3d 673, 679 (Tex. App.—Houston [1st

4

Dist.] 2009, pet. ref'd); *Tenorio v. State,* 299 S.W.3d 461, 463 (Tex. App.—Amarillo 2009, pet. ref'd). The record does not indicate that Sobel presented evidence establishing the value of any consideration that she may have given, and she does not identify any such evidence.

Moreover, as sole judge of the weight and credibility of the evidence, the jury bore the burden of determining what evidence to believe. *See Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). In doing so, the jury was entitled to infer Sobel's intent from the circumstantial evidence. *See Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004); *see also* Tex. Penal Code Ann. § 31.03(a). The jury heard testimony that Sobel returned items that she had not purchased and obtained store credit in exchange for the returned items. Kinkaid testified that the value of those items totaled $116.69 and the DVD player alone was valued at over $50. The jury heard evidence that Sobel removed the DVD player from the shelf, concealed the DVD player under a jacket in her shopping cart, did not purchase the DVD player, and returned the DVD player in exchange for money. Viewing the evidence in the light most favorable to the verdict, we conclude that a rational jury could find, beyond a reasonable doubt, that Sobel committed theft in an amount of $50 or more but less than $500. *See Jackson*, 443 U.S. at 318-19; *see also Hooper*, 214 S.W.3d at 13. We overrule issue seven.

## Prosecutorial Misconduct

In issue one, Sobel contends that the State committed prosecutorial misconduct. During Kinkaid's testimony, the State offered a training receipt into evidence. Kinkaid explained that a training receipt is used to scan items and obtain a cash total. He testified that receipts are kept in the regular course of business and prepared according to asset protection's regular procedures, he created the receipt, the receipt was prepared at or near the time of the events, and he is a custodian of records for Walmart. Sobel's counsel objected as follows:

> I don't believe there was testimony that Mr. Kincaid prepared it so we don't know who the employee was that kept this in the ordinary course of business. We don't know whether it was entered at or near the time that the record was made. It just fails, once again, to meet the predicate for admission. In addition, nowhere on this receipt does it mention Walmart.

The trial court overruled the objection. During cross-examination, Kinkaid acknowledged that the cashier generated the receipt and he was not involved in the receipt's preparation. Sobel did not raise the issue of prosecutorial misconduct until her motion for new trial.

On appeal, Sobel maintains that Kinkaid committed perjury when he testified to creating the receipt and the State bore a duty to withdraw or correct the evidence, but instead used perjured testimony to admit the training receipt into evidence. To preserve a claim of prosecutorial misconduct, the defendant must

6

timely and specifically object, request an instruction to disregard, and move for a mistrial. *Penry v. State*, 903 S.W.2d 715, 764 (Tex. Crim. App. 1995); *Johnson v. State*, 432 S.W.3d 552, 561 (Tex. App.—Texarkana 2014, pet. ref'd). The objection of prosecutorial misconduct must be raised at the earliest opportunity or the complaint is waived. *Penry*, 903 S.W.2d at 764. Although Sobel objected to admission of the receipt on predicate grounds, the record does not indicate that Sobel presented a complaint regarding prosecutorial misconduct when the issue first became apparent during trial. Because any error was not presented at the earliest opportunity, issue one is not preserved for appellate review and is overruled. *See id.*; *see also Johnson*, 432 S.W.3d at 561.

Evidentiary Rulings

In issue two, Sobel challenges the admission of bad acts into evidence. In issue six, Sobel argues that the trial court improperly allowed hearsay testimony from Skero. We review a trial court's evidentiary decisions under an abuse of discretion standard. *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006). "A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party[.]" Tex. R. Evid. 103(a); *see* Tex. R. App. P. 44.2(b). We will not reverse a conviction if "we have fair assurance from an examination of the record as a whole that the error did not influence the jury, or

had but slight effect." *Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008).

During Kinkaid's testimony, the State asked about a criminal trespass order and a separate incident when Sobel attempted to return merchandise. Sobel argued that she had no notice of the trespass order and that the separate shopping incident had no predicate, was irrelevant, and did not establish a bad act. The trial court overruled the objection as to the criminal trespass order. Kinkaid subsequently testified that he saw Sobel at the Porter Walmart in June 2014, despite a criminal trespass order that prohibited Sobel from shopping in Walmart stores because of her previous history.

On appeal, Sobel argues that this testimony violated article 38.37 of the Texas Code of Criminal Procedure because: (1) the State failed to provide timely notice of its intent to introduce such evidence; and (2) the record does not demonstrate that Sobel received notice of the criminal trespass order. However, article 38.37 only applies to certain offenses and does not apply to the offense of theft. *See* Tex. Code Crim. Proc. Ann. art. 38.37 (West. Supp. 2015). Moreover, as previously discussed, the evidence is sufficient to support Sobel's conviction, even without the complained-of testimony. *See Ladd v. State*, 3 S.W.3d 547, 568 (Tex. Crim. App. 1999) (Given all of the evidence before the jury, it was unlikely that

8

the admission of extraneous-offense evidence had a substantial effect on the jury's verdict.); *see also Pointe v. State*, 371 S.W.3d 527, 535 (Tex. App.—Beaumont 2012, no pet.) (Evidence supported conviction, even without the complained-of evidence). We overrule issue two.

Sobel also objected to Skero's testimony regarding the contents of Walmart's surveillance recordings on grounds that the testimony constituted hearsay because the recordings were not in evidence. The trial court overruled the objection and Skero testified to what he observed on the recordings. On appeal, Sobel re-urges her argument that Skero's testimony amounted to inadmissible hearsay.

Assuming, without deciding, that the trial court abused its discretion by admitting the complained-of evidence, we conclude that Sobel's substantial rights were not affected. *See* Tex. R. Evid. 103(a); *see also* Tex. R. App. P. 44.2(b). Even without Skero's testimony, the jury heard both Kinkaid and Dowell testify to seeing Sobel return items, which she had not purchased, in exchange for store credit. Because other evidence supports Sobel's conviction, it is unlikely that the admission of Skero's testimony had a substantial effect on the jury's verdict. *See Ladd*, 3 S.W.3d at 568; *see also Pointe*, 371 S.W.3d at 535. After examining the record as a whole, we have fair assurance that the error, if any, did not influence

9

the jury, or had but slight effect. *See Ladd*, 3 S.W.3d at 568; *see also Taylor*, 268 S.W.3d at 592. We overrule issue six.

Failure to Secure Surveillance Recordings

In issues three and four, Sobel argues that her due process and confrontation rights were violated by the State's and Walmart's failure to secure Walmart's surveillance videos. The State has a duty to preserve exculpatory evidence, and its good, or bad faith in failing to do so is irrelevant. *Ex parte Napper*, 322 S.W.3d 202, 229 (Tex. Crim. App. 2010). "[W]hen the destruction of potentially useful evidence is at issue, the defendant must show 'bad faith' on the part of the State in destroying the evidence in order to show a violation of due process." *Id*.

Kinkaid explained that Walmart retains surveillance recordings for ninety days. Kinkaid gave a DVD to Skero that contained a recording of Sobel leaving the store because Walmart requires him to copy the portion of surveillance showing the suspect passing the last point of sale. He attempted to save all surveillance of Sobel onto the DVD, but only the portion of Sobel leaving the store was saved. He testified that he did not check the DVD before giving it to Skero. He explained that Sobel sought the surveillance video after ninety days had passed and the surveillance footage was no longer on Walmart's system. Kinkaid further testified that he cannot delete video and he denied that the videos were deliberately lost.

10

"Exculpatory evidence is testimony or other evidence which tends to justify, excuse[,] or clear the defendant from alleged fault or guilt." *Little v. State*, 991 S.W.2d 864, 866-67 (Tex. Crim. App. 1999). Sobel was required to affirmatively show that the surveillance video was favorable to her defense. *See White v. State*, 125 S.W.3d 41, 44 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). Sobel does not point to any evidence in the record to affirmatively show that the surveillance video would have justified, excused, or cleared Sobel from guilt. At most, the video was potentially useful.

Accordingly, the record must demonstrate bad faith to establish a constitutional violation:

> "Bad faith" is more than simply being aware that one's action or inaction could result in the loss of something that is recognized to be evidence. . . . [B]ad faith entails some sort of improper motive, such as personal animus against the defendant or a desire to prevent the defendant from obtaining evidence that might be useful. Bad faith cannot be established by showing simply that the analyst destroyed the evidence without thought, or did so because that was the common practice, or did so because the analyst believed unreasonably that he was following the proper procedure.

*Napper*, 322 S.W.3d at 238. The record in this case does not demonstrate any improper motive, personal animus against Sobel, or an intention to prevent Sobel from obtaining potentially useful evidence and Sobel identifies no such evidence. Rather, Kinkaid's testimony shows that the surveillance video was destroyed

11

pursuant to Walmart's common practice of erasing video after ninety days. *See id*. Because the record fails to demonstrate that the evidence was exculpatory or that potentially useful evidence was lost as a result of bad faith by the State, we overrule issue three. *See id*.

As for Sobel's confrontation claim, the record does not demonstrate that she timely presented a Confrontation Clause objection to the trial court during trial. Issue four is therefore not preserved for appellate review and is overruled. *See Clark v. State*, 365 S.W.3d 333, 340 (Tex. Crim. App. 2012) ("[T]he trial court should know when it is being asked to make a constitutional ruling because constitutional error is subject to a much stricter harm analysis on appeal."); *see also Davis v. State*, 313 S.W.3d 317, 347 (Tex. Crim. App. 2010) (Confrontation Clause complaints must be preserved by a timely and specific objection at trial.).

## Jury Charge

In issue five, Sobel challenges the trial court's refusal of her requests for a spoliation instruction and a definition of "currency" in the jury charge. When addressing a complaint regarding the jury charge, we first determine whether the charge contained error. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015). If error exists, we evaluate the harm resulting from the error. *Id*. When preserved, any harmful error is reversible. *Id*.

As previously discussed, the record does not demonstrate that the surveillance videos were exculpatory or that any bad faith on the part of the State resulted in destruction of the videos. Thus, Sobel was not entitled to a spoliation instruction. *See Napper*, 322 S.W.3d at 238; *see also Torres v. State*, 371 S.W.3d 317, 319-20 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (A spoliation instruction was not required when the defendant failed to establish that potentially useful evidence was destroyed in bad faith.).

Sobel also requested a definition of "currency" that was limited to money and excluded store credit. "[I]t is generally impermissible to instruct on terms not statutorily defined, and the trial court instead must permit the jury to construe them according to the rules of grammar and common usage." *Celis v. State*, 416 S.W.3d 419, 433 (Tex. Crim. App. 2013). "[A] trial court *may* define a statutorily undefined term that has an established legal definition or that has acquired a technical meaning that deviates from its meaning in common parlance[,]" but no specific instruction is required. *Id*. (emphasis added); *see Smith v. State*, 297 S.W.3d 260, 275 (Tex. Crim. App. 2009). "[T]erms which have a technical legal meaning may need to be defined[,]" particularly "when there is a risk that the jurors may arbitrarily apply their own personal definitions of the term or where a

definition of the term is required to assure a fair understanding of the evidence." *Middleton v. State*, 125 S.W.3d 450, 454 (Tex. Crim. App. 2003).

The Texas Penal Code does not define "currency." *See* Tex. Penal Code Ann. §§ 1.07, 31.01 (West Supp. 2015). The word "currency" commonly refers to items in "circulation as a medium of exchange." Webster's Third New International Dictionary 557 (2002). Store credit, like gift certificates, are an equivalent of money and are used as a medium of exchange. *See Hardy v. State*, 102 S.W.3d 123, 131 (Tex. 2003) ("[G]ift certificates . . . are an equivalent of money; five-dollar gift certificates, redeemable for merchandise at Wal Mart, may be used in precisely the same manner as five-dollar bills."). Moreover, although property alleged in an indictment must be specified if known, a description of the property taken is not an element of the offense. *See Johnson v. State*, 364 S.W.3d 292, 297 (Tex. Crim. App. 2012) (A non-statutory description of the gravamen element of property, such as the owner's name, is not an element of a theft offense.); *Smallwood v. State*, 607 S.W.2d 911, 912 (Tex. Crim. App. 1979); *see also* Tex. Code Crim. Proc. art. 21.09 (West 2009). A hypothetically correct jury charge need not include an allegation that gives rise to an immaterial variance. *Gollihar v. State,* 46 S.W.3d 243, 256 (Tex. Crim. App. 2001).

In this case, Sobel has not alleged, and the record does not indicate, that she (1) received insufficient notice of the charge against her such that she could not prepare an adequate defense; or (2) is subject to a subsequent prosecution for the same crime. *See id.* at 257. We do not perceive a risk that jurors would arbitrarily apply their own personal definitions when determining whether the store credit was the same property described as stolen in the charging instrument. *See Middleton*, 125 S.W.3d at 454. Nor do we conclude that a definition of "currency" was necessary to assure a fair understanding of the evidence. *See id.* "[J]urors are presumed to attach a common understanding to the meaning of [] term[s]." *Smith*, 297 S.W.3d at 275. Accordingly, the trial court did not err by rejecting Sobel's request for a definition of the word "currency." *See id.* We overrule issue five. Having overruled Sobel's seven issues, we affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on November 17, 2015
Opinion Delivered December 23, 2015
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

15