

# IN THE
# TENTH COURT OF APPEALS

## No. 10-18-00035-CR

**GUADALUPE ROBERTO MUNOS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2016-670-C2**

## MEMORANDUM OPINION

Guadalupe Roberto Munos was convicted of one count of continuous sexual abuse of a young child and one count of indecency with a child by contact. *See* TEX. PENAL CODE ANN. §§ 21.02(b); 21.011(a)(1). He was sentenced to 30 years in prison and 3 years in prison, respectively. Because the evidence was not insufficient to support his convictions on both counts and because potential error in the jury charge was improperly briefed, the trial court's judgments are affirmed.

## BACKGROUND

CC was sexually abused over a period of years by Munos, her brother. CC lived at various residences with her father who was a maintenance supervisor. They moved around a lot. Initially, Munos lived with them; but when he graduated from high school, he moved out and would visit the residences in which CC and her father lived.

## SUFFICIENCY OF THE EVIDENCE

In his first two issues, Munos argues the evidence is insufficient to support his convictions for both continuous sexual abuse of a young child (Count I) and indecency with a child by contact (Count II). He attacks specific elements of those offenses.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (*citing Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder

resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.; see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

### Continuous Sexual Abuse

The offense of continuous sexual abuse of a young child has five elements: (1) a person (2) who is seventeen or older at the time of the commission of each of the acts (3) commits a series of two or more acts of sexual abuse (4) during a period of thirty or more days, and (5) at the time of the commission of each of the acts the victim is younger than fourteen. *See* TEX. PENAL CODE ANN. § 21.02(a), (b); *Hines v. State*, 551 S.W.3d 771, 781-82 (Tex. App.—Fort Worth 2017, no pet.). In this case, the indictment alleged six acts of

sexual abuse. CC testified about many specific acts of sexual abuse to support the acts alleged.

Munos initially questions the State's proof that Munos was 17 or older at the time the acts of sexual abuse occurred. He narrows the acts of sexual abuse testified to by CC to only three which could potentially support the offense because, he asserts, these were the only acts where he was 17 at the time of the commission of those acts. The three acts Munos focuses on are: 1) an incident at the Saddle Brook residence where Munoz tried to penetrate CC vaginally and anally; 2) an incident at the Live Oak residence where Munoz touched CC's vagina over her clothes; and 3) an incident at the Enclave residence where Munoz tried to penetrate CC vaginally while CC was laying on the floor.

Munos argues that the evidence to support the Live Oak and the Saddle Brook incidents is insufficient, and thus, neither is an act of sexual abuse which supports the conviction. He admits, however, that the Enclave incident is sufficient evidence of one act of sexual abuse; but, his argument continues, because that incident is the *only* act of sexual abuse which supports his conviction, the evidence, in total, is insufficient to support his conviction for continuous sexual abuse of a young child.

We first discuss whether the evidence to support the Live Oak incident was sufficient as an act of sexual abuse. The incident alleges an offense of indecency with a child by contact which is an act of sexual abuse within the offense of continuous sexual abuse of a young child. *See* TEX. PENAL CODE ANN. § 21.02(c)(2). A person commits the offense of indecency with a child by contact if the person engages in sexual contact with a child younger than 17 years of age or causes a child younger than 17 years of age to

engage in sexual contact. *See* TEX. PENAL CODE ANN. § 21.11(a)(1).[1] Sexual contact means any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child if committed with the intent to arouse or gratify the sexual desire of any person. *Id.* (c)(1).

Munos asserts the State cannot prove his contact with CC was made with the required specific intent to arouse and gratify his sexual desire because his intent cannot be inferred from the act of sexual contact, itself. Thus, his argument continues, this incident is not sufficient evidence of a second act of sexual abuse to support his conviction under Count I. We disagree with Munos.

CC testified that Munos hugged her from behind and grabbed her "vagina…over [her] clothes." Although there is no direct evidence other than the touching of CC's vagina over her clothes that Munos acted with the intent to arouse and gratify his sexual desire, contrary to his argument, the requisite specific intent *can* be inferred from his conduct alone. *See Abbott v. State*, 196 S.W.3d 334, 340 (Tex. App.—Waco 2006, pet. ref'd). Accordingly, the jury could infer the requisite intent from Munos's conduct and, thus, find this essential element beyond a reasonable doubt. This incident is sufficient evidence of an act of sexual abuse.

Because we have rejected the only argument Munos asserts for why the evidence was insufficient to support the Live Oak incident as an act of sexual abuse, and because

---

[1] However, to be considered one of the two or more acts of "sexual abuse" under the statute for which Munos was convicted, the State was required to prove the victim was younger than 14 years of age at the time of the act. TEX. PENAL CODE ANN. § 21.02 (a), (b). Munos does not attack the State's proof regarding CC's age in this incident.

Munos admitted that the Enclave incident was supported by sufficient evidence of an act of sexual abuse, the jury could have found beyond a reasonable doubt that at least two acts of sexual abuse were proven by the State. We need not discuss whether the evidence regarding the Saddle Brook or any other incident was sufficient as an act of sexual abuse.

Accordingly, the evidence is sufficient to support Munos's conviction as to Count I, and Munos's first issue is overruled.

*Indecency with a Child*

Next, Munos asserts that the State failed to prove the evidence was sufficient to support Count II, the offense of indecency with a child by contact, because the required specific intent to arouse and gratify his sexual desire could not be inferred from the act of contact itself. The intent to arouse or gratify the sexual desire of any person is an essential element of the offense of indecency with a child and can be inferred from the defendant's conduct alone. *See* TEX. PEN. CODE ANN. § 21.11(a)(1), (c)(1); *Abbott v. State*, 196 S.W.3d 334, 340 (Tex. App.—Waco 2006, pet. ref'd). CC testified that Munos hugged her from behind and grabbed her "breast area…over [her] clothes." Because the requisite specific intent can be inferred from Munos's conduct alone, the jury could infer the requisite intent from that conduct and, thus, find this essential element beyond a reasonable doubt.

Accordingly, because we have rejected the only argument Munos asserts for why the evidence was insufficient to support the conviction for Count II, Munos's second issue is overruled.

**JURY CHARGE ERROR**

Lastly, Munos asserts that the trial court erred by including an instruction in the

jury charge that the State did not have to prove the exact date as alleged in the indictment where the State was required to prove the acts were committed beginning on or after the day that Munos turned 17 years-old, causing him egregious harm.[2]

When an appellant complains of jury charge error, we first determine whether the charge contained error. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). If error exists, we then analyze the harm resulting from the error. *Id*. If the error was preserved by objection, any error that is not harmless will constitute reversible error. *Id*. If the error was not preserved by objection, the error will not result in reversal of the conviction without a showing of egregious harm. *Id*. Egregious harm is harm that deprives a defendant of a "fair and impartial trial." *Id*. Munos did not object to the jury charge; thus, if we find that the jury charge was erroneous, we will consider the effect of the error under the egregious harm standard.

The alleged offending instruction is as follows:

You are further charged that it is the law in this case that the State is not bound to prove the exact date alleged in the indictment but may prove the offenses, if any, to have been committed at any time prior to the filing of the indictment.

Munos contends this instruction is erroneous because "it is an inapplicable statement of the law in *this* case because [he] could not even be held criminally responsible for the alleged conduct until he was 17, which the State was bound to prove." (Emphasis in

---

[2] Munos's complaint is confined to how this instruction impacts his conviction on Count I. He has no complaint about this instruction as it applies to Count II.

original).  He asserts, "the trial court's instruction is error in a case, like this, where ages of both the defendant and complainant are elements of the offense and there is a narrowed window of time during which the State is able to prove such."  These are the only statements made by Munos in his brief regarding why the trial court's instruction was erroneous, and he provides no authority to support them.

The State is not required to prove an offense was committed on or about the date alleged in the indictment and can prove the offense was committed on any date prior to the return of the indictment and within the period of limitations.  *See Klein v. State*, 273 S.W.3d 297, 304 n. 5 (Tex. Crim. App. 2008).  Consequently, it is not incorrect to instruct jurors, even in a prosecution for continuous sexual abuse of a young child, that the State is not bound to prove the exact dates alleged in the indictment.  *Martin v. State*, 335 S.W.3d 867, 874 (Tex. App.—Austin 2011, pet. ref'd).  Without any authority to support Munos's complaint, we are at a loss to understand what makes this particular instruction in this charge erroneous.

Accordingly, we find this issue to be improperly briefed, and it presents nothing for our review.  *See* TEX. R. APP. P. 38.1(i) (argument must contain appropriate citations to authorities); *Jenkins v. State*, 493 S.W.3d 583, 615 n. 90 (Tex. Crim. App. 2016) (issues overruled because no authority cited for position that the trial court erred by failing to provide a certain instruction).  *See also Ferreira v. State*, 514 S.W.3d 299, 301-303 (Tex. App.—Houston [14th] 2016, no pet.) (where appellant did not identify what part of the party liability portion of the charge was erroneous and case authority cited did not support the argument, complaint not adequately briefed).

Munos's third issue is overruled.

**CONCLUSION**

Having overruled each issue on appeal, we affirm the trial court's judgments.

TOM GRAY<br>
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Affirmed
Opinion delivered and filed November 6, 2019
Do not publish
[CRPM]

