**Affirmed and Opinion Filed April 22, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00514-CR

### ERIC ROMO, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-61709-M**

## MEMORANDUM OPINION
Before Justices Molberg, Reichek, and Evans
Opinion by Justice Molberg

A jury found Eric Romo guilty of continuous sexual abuse of a young child

and assessed punishment at fifty years confinement in the Institutional Division of

the Texas Department of Criminal Justice.  *See* TEX. PENAL CODE § 21.02.[1]  In a

single issue, Romo contends the trial court committed charge error and asks us to

reverse the trial court's judgment.  Because we find no error, we affirm.

---

[1] Section 21.02(b) provides, "A person commits an offense if:  (1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse . . . and (2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age."  Section 21.02(c) lists the acts constituting "sexual abuse" under the statute.

*Background*

The statute prohibiting continuous sexual abuse of a young child became effective on September 1, 2007. *See* Act of May 18, 2007, 80th Leg., R.S., ch. 593, §§ 1.17, 4.01(a), 2007 Tex. Gen. Laws 1120, 1127, 1148 (codified at TEX. PENAL CODE § 21.02). The statute does not apply to acts of sexual abuse committed before that date. *Smith v. State*, No. 05-16-01318-CR, 2018 WL 3424388, at *4 (Tex. App.—Dallas July 16, 2018, no pet.) (mem. op., not designated for publication) (citing *Gomez v. State*, 459 S.W.3d 651, 660 (Tex. App.—Tyler 2015, pet. ref'd)).

On December 13, 2010, Romo was charged with continuous sexual abuse of K.V., his niece, who was under fourteen.[2] The indictment alleged Romo:

> On or about the 1st day of September A.D., 2007 . . . did [t]hen and there, intentionally and knowingly, during a period that was 30 or more days in duration, when the defendant was 17 years of age or older, committed two or more acts of sexual abuse against [K.V.], a child younger than 14 years of age, . . . namely by the contact between his hand and [her] genitals with the intent to arouse and gratify the sexual desire of defendant and by the penetration of the [her] female sexual organ by the defendant's finger.

Romo had a jury decide both the guilt/innocence and punishment phases at trial. The case was tried over a four-day period in April 2018. K.V. was twenty years old at the time of trial; Romo was forty-four.[3]

---

[2] K.V. was born in 1998. She was twelve years old on December 13, 2010 when the indictment was returned.

[3] Trial exhibits indicate that Romo was born in 1974. He turned seventeen in 1991.

The State called various witnesses at trial, including K.V., other members of K.V.'s family, employees of the Dallas Children's Advocacy Center, and two other females who testified regarding their own sexual abuse by Romo, some acts of which were similar in nature to those that K.V. described, and all of which occurred before the sexual abuse of K.V. began. K.V. testified Romo's improper acts with her began when she was "nine or ten" and "in the fourth grade," which would have been in the 2007–08 school year.

K.V. testified regarding multiple improper acts by Romo, including his repeated exposure of his penis to K.V., repeated touching of her vagina over her clothes, at least one incident of touching her breasts under her clothes, and two incidents of touching and penetration of her vagina with his finger. K.V. described the two events involving penetration of her vagina as the earliest and latest of the events she remembered.

K.V. testified the first penetration event occurred when she was "nine or ten" and "in fourth grade" and lived on a street named Highmeadow. She testified that the last penetration event occurred when she lived on Royal Lane, which she moved to within a month or two from beginning fifth grade. K.V. testified she began fifth grade in 2008 when she was ten. She testified that the two penetration events occurred more than thirty days apart and that Romo was over seventeen.

During cross-examination, Romo's lawyer questioned K.V. regarding the first penetration event, and the following exchange occurred:

Q    When you were sitting on the floor using the computer?

A    That was -- yeah, that was Highmeadow.

Q    And you said that that was sort of in the summertime of 2007, right, around the summertime of 2007?[4]

A    I think I was in school -- I don't remember.

Q    Okay. You don't remember.

A    Yeah. I don't remember what was going on.

Q    Right. So it could have been -- school starts in August, right? So it could have been in August of 2007; is that right?

A    Yeah.

Q    And the reality is, it was, I think you testified earlier, that it was at the beginning of school, correct?

A    Yeah.

Q    And so the beginning of school would have been August of 2007, right?

A    Uh-huh.

Q    And I'm so sorry, you have to answer out loud.

A    Yes.

Q    Now -- and then to be clear, also could have been -- well, and let me make sure that I am clear. Give me one second. Right. And so -- right, I just want to – just as we are kind of going through, it could have been August of 2007 or could have been sort of the spring of 2006 -- or, excuse me, spring of 2007?

---

[4] Contrary to the implications in this question and the fifth question in this quoted exchange, the record does not contain any other trial testimony by K.V. stating or suggesting that the first penetration event occurred prior to September 1, 2007.

A      I was in fourth grade. I don't remember the numbers. I remember I was in fourth grade. Because in that house, I was going to Gooch.

Q      Okay. What about in the third grade?

A      I found -- all the way from Gooch fourth grade, I can't remember from there what I was doing at that age. So I just remember that incident.

Q      But I mean, you went to Gooch in the third grade as well?

A      No. I think I went to -- it was either Cabell -- no I was going to Cigarrea, actually.

Q      You were going where?

A      Cigarrea.

The court admitted an exhibit showing the following, in part:

| House | K.V.'s age | School |
| --- | --- | --- |
| Highmeadow | 9-10<br>4th grade | Gooch |
| Royal | 10-11<br>5th grade | DeGoyer |
| Royal | 11-12, 12-13<br>6th – 7th grade | Marsh |

After both sides rested and closed, the court conducted a charge conference, during which Romo's counsel asked that the application paragraph in the charge be changed from stating "on or *about* the 1st day of September, 2007" to state "on or *after*" that date instead (emphasis added). After hearing the State's position, the trial court denied the requested change, noting that the language used in the application paragraph tracked the indictment and that the preceding paragraph in the court's

charge addressed the issue to which Romo's counsel's referred. That paragraph contained a limiting instruction stating:

> With respect to the offense of Continuous Sexual Abuse of a Young Child, the State is not required to prove the exact dates alleged in the indictment, but may prove the offense, if any, to have been committed at any time between September 1, 2007 and December 13, 2010, the date the indictment was returned.

Together, the abstract and application paragraphs of the court's charge stated:

> The indictment alleges an offense to have taken place "on or about the 1st day of September, 2007." With respect to the offenses of Continuous Sexual Abuse of a Young Child, Aggravated Sexual Assault of a Child, and Indecency with a Child, there is no statute limiting the time within which a felony indictment may be presented. With respect to the offense of Continuous Sexual Abuse of a Young Child, the State is not required to prove the exact dates alleged in the indictment, but may prove the offense, if any, to have been committed at any time between September 1, 2007 and December 13, 2010, the date the indictment was returned. With respect to the offense of Aggravated Sexual Assault of a Child and Indecency with a Child, the State is not required to prove the exact date alleged. "On or about" means any date prior to the date of the filing of the indictment, which is December 13, 2010.

> Now, bearing in mind the foregoing instructions, if you find and believe from the evidence, beyond a reasonable doubt, that the defendant, Eric Romo, on or about the 1st day of September, 2007, in the County of Dallas and State of Texas, did then and there, during a period that was 30 or more days in duration, when the defendant was 17 years of age or older, intentionally or knowingly committed two or more acts of sexual abuse against K.V., a child younger than 14 years of age, … namely by the contact between the defendant's hand and complainant's genitals with the intent to arouse or gratify the sexual desire of defendant, or by the penetration of the complainant's female sexual organ by the defendant's finger, then you will find the defendant guilty of the offense of Continuous Sexual Abuse of a Young Child, as charged in the indictment.

*Standard of Review*

Appellate review of purported error in a jury charge involves two steps: first, we consider whether the jury charge was erroneous, and second, if error occurred, we consider whether sufficient harm resulted to require reversal. *See Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)); *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). Only if we find error will we consider whether the error caused sufficient harm to require reversal. *See Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005) (en banc).

The degree of harm necessary to require reversal depends on whether or not an appellant preserved error by objection. If, as here, the appellant preserved the error by objection, the error is reversible if it resulted in some harm to appellant's rights. *See Ngo*, 175 S.W.3d at 743. If an appellant fails to object, the error is reversible only if it resulted in egregious harm, depriving appellant of a fair and impartial trial. *See Price*, 457 S.W.3d at 440 (citing *Almanza*, 686 S.W.2d at 171); *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015); *Ngo*, 175 S.W.3d at 743–44. Factors considered in the harm analysis are: (1) the jury charge as a whole, (2) the state of the evidence, (3) the arguments of counsel, and (4) other relevant factors present in the record. *Price*, 457 S.W.3d at 440.

Absent evidence to the contrary, we presume that jurors "follow the trial court's explicit instructions to the letter." *Casanova v. State*, 383 S.W.3d 530, 543

n.56 (Tex. Crim. App. 2012) (citing *Thrift v. State* 176 S.W.3d 221, 224 (Tex. Crim. App. 2005) ("we generally presume the jury follows the trial court's instructions in the manner presented").

*Analysis*

In his sole point of error, Romo contends the trial court committed harmful charge error by refusing to state "on or after the 1st day of September, 2007" instead of stating "on or about" that date in the application paragraph of the court's charge. He asserts the language used was harmful error because the court's charge created ambiguity and confusion in the objected-to application paragraph and would have permitted jurors to rely on evidence from before September 1, 2007 to convict him of continuous sexual abuse of a child.

Romo cites no cases in support of his argument that error occurred, even though many appellate courts have analyzed the issue of potential charge error relating to the effective date of the law prohibiting continuous sexual abuse of a young child. Instead, he argues the trial court erred in not clarifying the ambiguity in the charge and in failing to provide a clear and concise instruction in the law. In his discussion of charge error (as opposed to its alleged harm to him), he cites no cases and makes only passing references to articles 36.14 and 36.15 of the Texas

Code of Criminal Procedure.[5]  The State, in its response, cites some of the cases analyzing this issue, and we have considered these and other cases discussed here in reaching our conclusion that the trial court did not commit charge error.

The earliest case we have located involving this asserted charge error in connection with continuous sexual abuse of a young child is *Martin v. State*, 335 S.W.3d 867, 873 (Tex. App.—Austin 2011, pet. ref'd).  In *Martin*, the court determined that charge error occurred because there was no limiting instruction in the charge that informed the jury a conviction could not be based on acts occurring before the statute became effective.  *Id*. at 873–76.[6]  In *Martin*, the charge at issue stated:

> With regard to the offenses of Continuous Sexual Abuse of a Young Child, Aggravated Sexual Assault of a Child, Sexual Assault of a Child and Indecency with a Child by Contact or Exposure, you are charged as a part of the law in this case that the [S]tate is not required to prove the exact dates alleged in the indictment but may prove the offenses, if any, to have been committed at any time prior to the presentment of the indictment.

[5] Romo cites these for the proposition that the trial court had an obligation to set out the law in a clear and concise way without commenting on the weight of the evidence.  Article 36.14 generally provides that, before argument to the jury begins, the trial court shall deliver to the jury "a written charge distinctly setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in [the] charge calculated to arouse the sympathy or excite the passions of the jury."  Articles 36.14 and 36.15 also describe the manner in which objections and requests for special instructions can be made.  We disagree with Romo's suggestion that the trial court's actions here were improper under either article 36.14 or 36.15.

[6] Although the court concluded that charge error occurred, the court affirmed the judgment because the court did not find that the error was egregious.  335 S.W.3d at 874–76 (applying egregious harm standard because Martin had failed to preserve charge error by objecting at trial).

–9–

*Id.* at 874. The application paragraph in the charge required the jury to find that the continuing sexual abuse occurred "on or about October 1, 2007 through January 26, 2008." *Id.* In determining that the charge was erroneous, the court stated:

> The problem remains that aside from the application paragraph, there was nothing in the court's charge that limited the instruction regarding the nonbinding nature of the alleged dates to specifically require the jurors to find that the period of continuous sexual abuse began on or after September 1, 2007, or that otherwise directed the jurors not to convict appellant under count one based on a finding of sexually abusive conduct prior to September 1, 2007.

*Id.* at 874–75. *Martin* concluded that the trial court's "unqualified instruction that the dates alleged in the indictment were not binding and that the State could prove that the offenses had been committed at any time prior to the return of the indictment 'present[ed] the jury with a much broader chronological perimeter than is permitted by law'" and concluded that this was error. *Id.* at 875–76 (quoting *Taylor v. State*, 332 S.W.3d 483, 488–89 (Tex. Crim. App. 2011)).

After *Martin*, many appellate courts across the state have analyzed this issue, with mixed results based on the record in those cases. *See, e.g. Perez-Mancha v. State*, 589 S.W.3d 909, 910–11 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (finding error and egregious harm); *Garzoria v. State*, No. 09-17-00019-CR, 2018 WL 4113919, at *3–4 (Tex. App.—Beaumont Aug. 29, 2018, pet. ref'd) (mem. op., not designated for publication) (finding no error); *Smith*, 2018 WL 3424388, at *4 (no discussion of error but finding no egregious harm); *Randell v. State*, No. 11-16-00014-CR, 2017 WL 3187073, at *2–3 (Tex. App.—Eastland July 27,

–10–

2017, no pet.) (mem. op., not designated for publication) (finding error but not finding egregious harm); *Jimenez v. State*, No. 07-13-00303-CR, 2015 WL 6522867, at *7–9 (Tex. App.—Amarillo Oct. 26, 2015, pet. ref'd) (mem. op., not designated for publication) (citing multiple other cases and finding error but no egregious harm); *Gonzales v. State*, No. 04-14-00100-CR, 2015 WL 5037692, at *4–7 (Tex. App.—San Antonio Aug. 26, 2015, pet. ref'd) (mem. op., not designated for publication) (citing multiple cases and finding error but no egregious harm); *Kuhn v. State*, 393 S.W.3d 519, 524, 531 (Tex. App.—Austin 2013, pet. ref'd) (finding error but no egregious harm); *Struckman v. State*, No. 10-10-00427-CR, 2011 WL 4712236, at *2 (Tex. App.—Waco Oct. 5, 2011, no pet.) (mem. op., not designated for publication) (finding no error).

Of these cases, we believe *Struckman* is the case most analogous here. In *Struckman*, the defendant, like Romo, argued that the jury instruction "enabled the jury to consider conduct that occurred prior to September 1, 2007."[7] In that case, the defendant complained of language in the court's charge stating that "the State is not bound to prove the exact date alleged in the indictment but may prove the offenses, if any, to have been committed at any time prior to the filing of the indictment." *Id*. at *2. The appellant in *Struckman* relied on *Taylor* and *Martin*, *see id.* (discussing *Taylor*, 332 S.W.3d at 485–89 and *Martin*, 335 S.W.3d at 874–75).

---

[7] Unlike Romo, the appellant in *Struckman* did not object to the charge at trial, *see id.*, but that distinction would only make a difference in considering harm, not error. *See Ngo*, 175 S.W.3d at 743–44.

The court distinguished them both, stating, "In both *Martin* and *Taylor* there was nothing else in the charge that would limit the chronological perimeter of what the jury could consider.  In this charge, there was." *Id*.  The court quoted the following charge language:

> To prove. . . [Continuous Sexual Abuse of a Child], the State has elected to proceed on the alleged events that occurred after September 1, 2007, and prior to the date of the indictment, if they did, . . . in which the Defendant, Paul Keith Struckman, allegedly committed the offense, if any.

*Id*.  The court then stated:

> Although maybe not the best way to limit the chronological perimeter in these types of cases, this instruction does have the desired effect:  that the jury not consider any offense that occurred prior to September 1, 2007.  And, considering that other offenses were included within that charge, the trial court's instruction regarding the nonbinding nature of the alleged dates of the offenses was necessary.  Accordingly, the trial court did not err in its charge to the jury.

*Id*.  In addition to *Struckman*, we also believe our prior analysis in *Perez v. State*, No. 05-12-00377-CR, 2013 WL 4568296 (Tex. App.—Dallas Aug. 26, 2013, pet. ref'd) (mem. op., not designated for publication) is instructive.

In *Perez*, we also considered charge error in the context of a case involving continuous sexual abuse of a young child, and in it, we considered whether a trial court erred by failing to instruct the jury that acts occurring after the child turned fourteen were irrelevant. *Id*. at *8.  In that case*,* Perez complained that the charge should have expressly stated that a particular act could not support a conviction because the child had already turned fourteen at the time it occurred. *Id.* at *9.

–12–

Like the appellant in *Struckman*, the appellant in *Perez* relied on both *Martin* and *Taylor* to support his argument that charge error occurred. *Id*.; *Struckman*, 2011 WL 4712236, at *1. We analyzed the issue in a similar manner as the court had in *Struckman*, stating, "The problem in both *Martin* and *Taylor* was that nothing in the charge limited the chronological perimeter of what the jury could consider. The charge in this case includes such limitations." *Perez*, 2013 WL 4568296, at *9. In discussing those limitations, we noted the charge included language stating that the State "may prove the offense, if any, to have been committed at any time after September 1, 2007 and prior to the return date of the indictment" and noted other charge language instructing the jury that they must find beyond a reasonable doubt that the child was under fourteen. *Id*. We concluded no error occurred. *Id*. at *10.

In this case, the limiting instruction was even clearer than in *Struckman,* was similar to the charge we considered in *Perez*, and solved the problem identified in *Martin* and *Taylor*. Here, the charge instructed the jury on all of the elements of the charge and instructed the jury that the State "may prove the offense, if any, to have been committed *at any time between September 1, 2007 and December 13, 2010,* the date the indictment was returned." (emphasis added). Thus, unlike *Martin*, this limited the instruction regarding the nonbinding nature of the alleged dates to specifically require the jurors to find that the period of continuous sexual abuse began on or after September 1, 2007, and it instructed jurors that they could not find that continuous sexual abuse occurred based on sexually abusive conduct prior to

–13–

September 1, 2007. *Cf. Martin*, 335 S.W.3d at 874–75. Thus, based on this record, we conclude no error occurred. *See Struckman*, 2011 WL 4712236, at *2; *Perez*, 2013 WL 4568296, at *9–10.

We have also considered *Garzoria v. State*, No. 09-17-00019-CR, 2018 WL 4113919 (Tex. App.—Beaumont Aug. 29, 2018, pet. ref'd) (mem. op., not designated for publication), another case involving alleged charge error in a case involving continuous sexual abuse of a young child. In that case, like Romo, the appellant asserted charge error occurred on the grounds it allowed the State to prove the charge based on acts prior to the effective date of the law. *Id.* at *3. The court found no error and concluded that it was not necessary to instruct the jury that it could not convict Garzoria based on conduct before September 1, 2007 because "there was no evidence that Garzoria had committed any of the acts of abuse prior to or even close to that date." *Id*. at *4.

Here, the record contains evidence that Romo's sexual abuse of K.V. began at a time that was, unlike *Garzoria*, close to September 1, 2007. K.V.'s answers during cross-examination provide some indication that the first penetration event happened in August 2007, although her answers on direct examination indicate that the first event occurred while she was "nine or ten" and "in the fourth grade." Under *Garzoria*'s reasoning, an instruction regarding the September 1, 2007 date was necessary, but because the court provided one here, no error occurred. *See id.*

As noted previously, other courts considering this issue have found error in various circumstances, but those cases are distinguishable because they lack the limiting instruction the court used here. *See Perez-Mancha*, 589 S.W.3d at 911 (finding error where charge included specific dates beginning before law's effective date and noting State conceded error); *Smith*, 2018 WL 3424388, at *4 (no indication similar limiting instruction was provided); *Randell*, 2017 WL 3187073, at *2–3 (limiting instruction not clear); *Jimenez*, 2015 WL 6522867, at *8–9 (same); *Gonzales*, 2015 WL 5037692, at *6–7 (no limiting instruction, and State conceded error); *Kuhn*, 393 S.W.3d at 531 (no limiting instruction, and State conceded error).

Based on the record here, we conclude that the trial court did not err in its charge to the jury. *See Struckman*, 2011 WL 4712236, at *2; *Perez*, 2013 WL 4568296, at *9–10; *Garzoria*, 2018 WL 4113919, at *4.

Although we do not reach the issue of harm in these circumstances, *see Ngo*, 175 S.W.3d at 743–44, we note that "when a refused charge is adequately covered by the charge given, no harm is shown." *Druery v. State*, 225 S.W.3d 491, 505 n.43 (Tex. Crim. App. 2007) (citing *Davis v. State,* 651 S.W.2d 787, 792 (Tex. Crim. App. 1983)).

We overrule Romo's single issue.

*Conclusion*

We affirm the trial court's judgment.

/Ken Molberg/
KEN MOLBERG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2

180514f.u05



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

ERIC ROMO, Appellant

No. 05-18-00514-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F10-61709-M. Opinion delivered by Justice Molberg. Justices Reichek and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 22nd day of April, 2020.