

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0383-14

**ERIC RAY PRICE, JR., Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE TENTH COURT OF APPEALS
## HAMILTON COUNTY

JOHNSON, J., delivered the opinion of the Court in which KELLER, P.J., and KEASLER, HERVEY, ALCALÁ, RICHARDSON, and NEWELL, JJ., joined. YEARY, J., filed a concurring opinion. MEYERS, J., filed a dissenting opinion.

### O P I N I O N

A jury convicted appellant of third-degree-felony family-violence assault.[1]  Appellant pled

true to the enhancement and habitual allegations, and the trial court sentenced him to fifty years'

imprisonment.  Appellant appealed, asserting, among other grounds, that the offense of third-degree-

---

[1]  An assault resulting in bodily injury is a third-degree felony if committed against: "a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code, if . . . the offense is committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth."  TEX. PEN. CODE § 22.01(b)(2)(B).

felony family-violence assault is both result-oriented and conduct-oriented and that the trial court erred by failing to include language tying the culpable mental state to the nature of the conduct. The court of appeals affirmed the judgment of the trial court.

We granted review of only one of appellant's grounds for appeal: "Whether assault by occlusion is both a result-oriented offense and a conduct-oriented offense." Appellant asserts that the language "by applying pressure to the person's throat or neck or by blocking the person's nose or mouth" describes an element of the offense and that this element describes the nature of the conduct. Therefore, appellant asserts, the trial court erred in failing to tailor the charge to connect the culpable mental state to the nature of the conduct. Because domestic violence is a result-of-conduct offense only, we affirm the judgment of the court of appeals.

**Facts**

Law-enforcement officials received a report of an assault involving family violence. The responding officer found the victim with blood on her face, mouth, and clothing. The blood appeared to come from injuries around her mouth and lips. The responding EMS paramedic observed a laceration on the victim's lip and reported that the victim told him that her boyfriend had struck and "choked"[2] her. At the hospital, the victim stated that she had known appellant for twelve years, they had lived together during their relationship, and she would categorize their relationship as a "dating relationship." The nurse at the hospital testified that the victim had red marks on her neck that were beginning to bruise, that she told the nurse that her boyfriend, appellant, had caused

---

[2] Strangulation is sometimes mistakenly called choking. Kelsey McKay, *A Closer Look At Strangulation Cases*, 44 PROSECUTOR 1 (Jan.-Feb. 2014) (www.tdcaa.com/journal/closer-look-strangulation-cases). "'Choking' is the internal blockage of the windpipe with a foreign object, such as food, whereas 'strangulation' is the external obstruction of another's breathing or blood circulation either manually or with the assistance of a ligature or other device." *Id*.

the injuries, and that he had strangled her to the point of unconsciousness several times. Appellant was arrested for third-degree-felony family-violence assault.

## The Court of Appeals's Decision

Relying on one of its own unpublished cases, the court of appeals held that "assault by occlusion"[3] is a result-of-conduct offense only and that including nature-of-conduct language would have been error. It concluded that the trial court in this case properly declined to include an instruction on nature of conduct. *Price v. State*, No. 10-13-00168-CR, 2014 Tex. App. LEXIS 2268, at \*5 (Tex. App.–Waco Feb. 27, 2014) (mem. op., not designated for publication) (citing *Morgan v. State*, Nos. 10-10-00367-CR & 10-10-00371-CR, 2011 Tex. App. LEXIS 8133, at \*\*10-11 (Tex. App.–Waco Oct. 12, 2011, no pet.) (mem. op., not designated for publication)).[4]

## Standard of Review

Our first inquiry is whether the jury charge contained error. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). If error exists, we then analyze the harm resulting from the error. *Id.* If the error was preserved by objection, any error that is not harmless will constitute reversible error. *Id.* If the error was not preserved by objection, the error will not result in reversal of the conviction without a showing of egregious harm. *Id.* Egregious harm is harm that deprives a defendant of a "fair and impartial trial." *Id.*

---

[3] The court of appeals refers to third-degree-felony family-violence assault by strangulation as assault by occlusion.

[4] In *Morgan*, the court of appeals supported this holding by citing to *Landrian v. State*, 268 S.W.3d 532 (Tex. Crim. App. 2008), in which we held that aggravated assault is a result-of-conduct offense with one gravamen–causing bodily injury. 268 S.W.3d at 533; *Morgan*, 2011 Tex. App. LEXIS at \*\*10-11. Another court of appeals has also cited *Landrian* to support the same holding. *Everhart v. State*, No. 14-11-00655-CR, 2012 Tex. App. LEXIS 5805, at \*9 (Tex. App.–Houston [14th Dist.] July 19, 2012, pet. ref'd) (mem. op., not designated for publication).

Appellant did not object to the trial court's failure to include nature-of-conduct language in the jury charge, thus if we find that the jury charge was erroneous, we will consider the effect of the error under the standard of egregious harm.

## Analysis

Third-degree-felony family-violence assault by strangulation,[5] as plead in this case, is defined in two related sections in Texas Penal Code Chapter 22, Assaultive Offenses. In the first part, section 22.01(a)(1), assault resulting in bodily injury, "[a] person commits an offense if the person: . . . intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse." The base level of this offense is a Class A misdemeanor. *Id*. § 22.01(b). However, the second part, section 22.01(b)(2)(B), raises the offense to a third-degree felony if the assault is committed against:

> (b)(2) a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code, if: (A) . . . (B) the offense is committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth[.]"

*Id*. § 22.01(b)(2)(B).[6]

## Conduct and the Jury Charge

Section 6.03 of the Texas Penal Code sets out: four culpable mental states—intentionally, knowingly, recklessly, and criminally negligently; two possible conduct elements—nature of the

---

[5] While it would be most accurate to describe the offense as third-degree-felony family-violence assault by strangulation or suffocation, given the facts of this case, we will refer to it as third-degree-felony family-violence assault by strangulation.

[6] Assault under § 22.01(a)(1) may also become a third-degree felony if the defendant has previously been convicted of a family-violence offense. TEX. PENAL CODE § 22.01(b)(2)(A). That subsection is not at issue here. And it may become a second-degree felony if the defendant strangles or suffocates the victim *and* has a prior family-violence conviction. *Id*. § 22.01(b-1). That subsection is also not at issue here.

conduct and result of the conduct; and the effect of the circumstances surrounding the conduct. In a jury charge, the language in regard to the culpable mental state must be tailored to the conduct elements of the offense. When "specific acts are criminalized because of their very nature, a culpable mental state must apply to committing the act itself." *McQueen v. State*, 781 S.W.2d 600, 603 (Tex. Crim. App. 1989). "On the other hand, unspecified conduct that is criminalized because of its result requires culpability as to that result." *Id*. A trial court errs when it fails to limit the language in regard to the applicable culpable mental states to the appropriate conduct element. *See Cook v. State*, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994) ("Intentional murder . . . is a 'result of conduct' offense, therefore, the trial judge erred in not limiting the culpable mental states to the result of appellant's conduct.").

We use the gravamen of the offense to decide which conduct elements should be included in the culpable mental-state language. The gravamen of the offense is: the "gist; essence; [or the] substance" of the offense (BALLENTINE'S LAW DICTIONARY 534 (3rd ed. 1969)); "[t]he substantial point or essence of a claim, grievance, or complaint" (BLACK'S LAW DICTIONARY 817 (9th ed. 2009)); "the part of an accusation that weighs most heavily against the accused; the substantial part of a charge or accusation." (WEBSTER'S ENCYCLOPEDIC UNABRIDGED DICTIONARY OF THE ENGLISH LANGUAGE 617 (1989)).

If the gravamen of an offense is the result of conduct, the jury charge on culpable mental state should be tailored to the result of conduct and likewise for nature-of-conduct offenses. *See, e.g.*, *Alvarado v. State*, 704 S.W.2d 36, 38-40 (Tex. Crim. App. 1985) (holding that the trial court erred in failing to tailor the culpable mental states to the result of conduct for the result-oriented offense of injury to a child). If the offense has multiple gravamina, and one gravamen is the result of

conduct and the other is the nature of conduct, the jury charge on culpable mental state must be tailored to both the result of conduct and the nature of conduct. *Hughes v. State*, 897 S.W.2d 285, 295 (Tex. Crim. App. 1994) (recognizing, based on *Cook*, "that in a capital murder case involving more than one conduct element it would not be error for the definitions to include more than the result of conduct element").

Third-degree-felony family-violence assault cannot be committed without bodily injury. *See* TEX. PENAL CODE § 22.01(a)(1) ("A person commits an offense if the person: (1) . . . causes bodily injury of another, including the person's spouse."). The gravamen of assault with bodily injury is injury, a result of conduct.[7] The circumstances surrounding the offense are found in § 22.01(b) ("An offense under Subsection (a)(1) is a Class A misdemeanor, except . . . if the offense is committed against: . . . (2) a person whose relationship to or association with the defendant is described by [sections of the Family Code], if (A) [the defendant has a previous conviction for family violence] or (B) [the assault was committed by strangulation or suffocation]."). Appellant argues that choking or strangling a victim is also a gravamen of the offense because he could not be charged with the offense without it.

In this case, the circumstances in which the bodily injury was inflicted are jurisdictional.[8] The base level of the offense is a misdemeanor, and appellant was therefore subject to the

---

[7] *See Jefferson v. State*, 189 S.W.3d 305, 312 (Tex. Crim. App. 2006) ("This Court's prior case-law also supports a decision that the essential element or focus of the statute [Texas Penal Code section 22.04] is the result of the defendant's conduct (in this case, serious bodily injury to a child) and not the possible combinations of conduct that cause the result."); *see also Landrian*, 268 S.W.3d at 536 ("'[B]odily injury' assault is a result-oriented assaultive offense . . ..").

[8] *See Gant v. State*, 606 S.W.2d 867 (Tex. Crim. App. 1980). Consider, for example, the allegation of two prior convictions for driving while intoxicated as a required element in the offense of felony driving while intoxicated, or the allegation of the value of stolen property above a misdemeanor amount as a required element of felony theft. Both are required elements, yet neither constitutes or alters the gravamen of the charged offense.

jurisdiction of a county court-at-law, but the allegation of the strangulation of a person with whom the accused has a familial relationship as described in the cited Family Code section raises the offense level to a felony, thereby establishing jurisdiction in a district court.

Appellant argues that choking or strangling a victim is also a gravamen of the offense because he could not be charged with the indicted offense without it. However, the offense defined by sections 22.01(a)(1) and (b)(2)(B) has three parts, two of which include culpable mental states: (1) the accused "intentionally, knowingly, or recklessly causes bodily injury to another"; (2) the victim was a person described in certain sections of the Family Code; and (3) the offense was committed by "intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth."

The first part is result-oriented; there must be an injury.

The second part is a circumstance: a "dating relationship," which is defined in Texas Family Code § 71.0021(b) as "a relationship between individuals who have or have had a continuing relationship of a romantic or intimate nature."

The third part contains a second mental-state requirement. Even though this second requirement is not the gravamen of the offense, we consider how it operates within the whole of the statute so that we may determine what jury instructions in regard to it are required.

The second set of mental states directly precedes the phrase "impeding the normal breathing or circulation of the blood of the person," which describes the required injury: normal breathing or circulation of the blood has been impeded. The remaining phrases, "by applying pressure to the person's throat or neck or by blocking the person's nose or mouth," are prepositional phrases that

describe the manner and means by which the result—impeding normal breathing or circulation of the blood—may be achieved.[9] The immediately preceding culpable mental states do not syntactically modify those prepositional phrases. Attaching a mental state to the manner-and-means phrases is not necessary to elevate conduct that would otherwise be a misdemeanor to a felony because it is clearly wrongful to "intentionally, knowingly, or recklessly imped[e] the normal breathing or circulation of the blood," regardless of the means used to effect the result.[10] Because the second set of culpable mental states applies only to the result of impeding breathing or circulation of the blood, specifying a manner and means does not create the need for a jury instruction on the nature of the conduct.

The jury charge defined intentionally, knowingly, and recklessly and tied those definitions to the result of conduct.

> A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. A person acts recklessly, or is reckless, with respect to the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the result will occur.

C.R. 21. The instruction would have been erroneous only if the charged offense had multiple gravamina and the gravamina included both result of conduct and nature of conduct. But the gravamen of the charged offense, third-degree-felony family-violence assault, is conduct that "causes bodily injury." *Landrian*, 268 S.W.3d at 536. Therefore, the instruction properly defined the offense

---

[9] "The use of the prepositional word 'by' in either a statute or an indictment is a tip-off that . . . the phrase will be a description of how the offense was committed. But that phrase is not the gravamen of the offense, and it is not the legislative definition of the prohibited conduct for which jury unanimity is required." *Jefferson v. State*, 189 S.W.3d 305, 315 (Tex. Crim. App. 2006) (Cochran, J., concurring).

[10] *See McQueen v. State*, 781 S.W.2d 600, 603-04 (Tex. Crim. App. 1989).

as solely a result of conduct and was not erroneous.

## Conclusion

We hold that third-degree-felony family-violence assault is a result-of-conduct offense only and that the trial court did not err in limiting the definitions of the applicable culpable mental states in the jury charge to the result of conduct. Because appellant has not shown error, we do not consider the issue of harm. We overrule appellant's ground and affirm the judgment of the court of appeals.

Delivered: April 15, 2015
Publish