# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00015-CR

**Jedediah James Watson, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE 340TH DISTRICT COURT OF TOM GREEN COUNTY
## NO. C-17-0492-SB, THE HONORABLE BRAD GOODWIN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Jedediah James Watson guilty of driving while intoxicated, third or more, and the trial court sentenced him to ten years' imprisonment. In two points of error, Watson contends that the trial court improperly commented on the weight of the evidence when it instructed the jury on reasonable doubt and on drawing inferences from the evidence. We will affirm the trial court's judgment of conviction.

## STANDARD OF REVIEW

We review alleged jury-charge error in two steps: first, we determine whether error exists; if so, we then evaluate whether sufficient harm resulted from the error to require reversal. *See Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)); *DeLeon v. State*, No. 03-18-00268-CR, 2018 WL 6837742, at *1 (Tex. App.—Austin Dec. 28, 2018, pet. ref'd). Here, Watson did not object to the jury instructions, so any error "will not result in reversal of the

conviction without a showing of egregious harm." *Price*, 457 S.W.3d at 440. "In examining the record for egregious harm, we consider the entire jury charge, the state of the evidence, the closing arguments of the parties, and any other relevant information in the record." *Arteaga v. State*, 521 S.W.3d 329, 338 (Tex. Crim. App. 2017). "Egregious harm is harm that deprives a defendant of a fair and impartial trial." *Price*, 457 S.W.3d at 440 (internal quotation marks omitted). Stated differently, "[j]ury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Arteaga*, 521 S.W.3d at 338.

## DISCUSSION

**Instruction on Reasonable Doubt**

In his first point of error, Watson contends that the trial court erred in providing the following instruction to the jury:

> The state must prove, beyond a reasonable doubt, the accusation of enhanced Driving While Intoxicated. **It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt.** Therefore, in the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit the defendant and say by your verdict "Not Guilty."

(Emphasis added.) Watson argues that the emphasized portion "was a comment on the weight of the evidence in violation of C.C.P. Art. 36.14." *See* Tex. Code Crim. Proc. art. 36.14 (providing that the trial judge shall "deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury"); *see also Rodriguez v. State*, 96 S.W.3d 398,

2

405 (Tex. App.—Austin 2002, pet. ref'd) ("[A]ttempts to define reasonable doubt do not usually make it clearer in the minds of the jurors, often they tend to impermissively increase or lessen the burden of proof or utilize additional terms which themselves require definition.").

For the purposes of our analysis, we will assume, without deciding, that the trial court erred in including the quoted language in the jury instruction. Nevertheless, we will reverse the trial court's judgment only if we conclude that the court's error caused Watson egregious harm. *See Price*, 457 S.W.3d at 440.

The complained of language was embedded in a paragraph that correctly explained that the State bore the burden of proving the offense beyond a reasonable doubt. The instruction also required the jury to acquit Watson if it had a reasonable doubt as to his guilt. Moreover, this Court has held that the complained of language, even if it should not have been included, "does not appear to be too intrusive upon the 'better practice'" of not defining reasonable doubt. *See Rodriguez*, 96 S.W.3d at 405. In *Rodriguez*, where identical language was submitted to the jury, we concluded that the defendant did not suffer even "some harm." *Id.* at 406.

Here, given the overall instruction concerning the burden of proof, any harm caused by the complained of language would have been slight and far from egregious. In addition, the State presented considerable evidence of Watson's guilt, including the results of a blood draw indicating that Watson's blood alcohol concentration was 0.165 grams per 100 milliliters of blood. *See* Tex. Penal Code § 49.01(1)(B), (2)(B) (defining "intoxicated" as having 0.08 or more grams of alcohol per 100 milliliters of blood). Finally, we are not aware of anything in the record suggesting that the State exploited the complained of language or created any confusion about its burden of proof. Indeed, in his closing argument, defense counsel

explained to the jury that there is "[n]o definition" of "reasonable doubt" and that the jury "get[s] to decide what a reasonable doubt is," and the State did not contradict that explanation.

In light of the entire record before us, including the jury charge, the evidence, and the arguments of counsel, we cannot conclude that Watson suffered egregious harm as a result of the complained of language concerning reasonable doubt. Accordingly, we overrule his first point of error.

**Instruction on Drawing Reasonable Inferences from the Evidence**

In his second point of error, Watson contends that the trial court erred in providing the following instruction to the jury:

> While you should consider only the evidence, you are permitted to draw reasonable inferences from the testimony and exhibits that are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the evidence.

As with the instruction on reasonable doubt, Watson argues that this instruction commented on the weight of the evidence in violation of article 36.14.

Once again, we will assume, without deciding, that the trial court erred in including the quoted language, and we will consider whether Watson suffered egregious harm as a result. The State argues that the quoted language did not harm Watson because the trial court "submitted identical language from the Texas Criminal Pattern Jury Charges, as developed and accepted by the State Bar of Texas." Watson does not explain how he suffered harm.

Even assuming it was error to include the complained of language, the instruction is a correct statement of law. *See Johnson v. State*, 560 S.W.3d 224, 226 (Tex. Crim. App. 2018)

4

(noting that it is "the jury's role to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts") (internal quotation marks omitted); *Boston v. State*, 373 S.W.3d 832, 836 (Tex. App.—Austin 2012), *aff'd*, 410 S.W.3d 321 (Tex. Crim. App. 2013) ("The jury, as the exclusive judge of the facts, is entitled to weigh and resolve conflicts in the evidence and draw reasonable inferences therefrom."). In addition, we are not aware of anything in the record that would exacerbate any harm the instruction may have caused, and, as discussed above, there was considerable evidence of Watson's guilt.

In light of the entire record before us, we cannot conclude that Watson suffered egregious harm as a result of the complained of language concerning drawing inferences from evidence. Accordingly, we overrule his second point of error.

## CONCLUSION

We affirm the trial court's judgment of conviction.

_____

Chari L. Kelly, Justice

Before Chief Justice Rose, Justices Kelly and Smith

Affirmed

Filed: July 9, 2019

Do Not Publish