

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00197-CR

**DONTERIAS LAMAR BRYANT,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 13th District Court
Navarro County, Texas
Trial Court No. D38102-CR**

## MEMORANDUM OPINION

The jury convicted Donterias Bryant of the offense of assault family violence and assessed punishment at five years confinement. The trial court suspended imposition of the sentence and placed Bryant on community supervision for five years. We affirm.

### BACKGROUND FACTS

Bryant and M.H. were in a dating relationship. M.H. went to stay with Bryant for the weekend at his grandmother's house, and they got into an argument. M.H. testified that Bryant pulled her off the bed and assaulted her and choked her. She stated that he

put his arm around her neck and that she could not breathe. Bryant testified that M.H. hit him and scratched him. He stated that he grabbed her arms to block her from hitting him.

## SELF-DEFENSE INSTRUCTION

In his sole issue, Bryant argues that the trial court erred in denying his instruction on self-defense. When an appellant complains of jury charge error, we first determine whether the charge contained error. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *Landrum v. State*, 590 S.W.3d 640, 645 (Tex. App. —Waco 2019, pet. ref'd). If error exists, we then analyze the harm resulting from the error. *Id.* If the error was preserved by objection, any error that is not harmless will constitute reversible error. *Id.*

A defendant is entitled to a self-defense jury instruction when the issue is raised by the evidence, "whether that evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the defense." *Gamino v. State*, 537 S.W.3d 507, 510 (Tex. Crim. App. 2017). In evaluating the trial court's ruling, we view the evidence in the light most favorable to the defendant's requested submission. *Id.* A trial court errs in denying a self-defense instruction if there is some evidence, from any source, that will support the elements of self-defense. *Id.* A person generally is justified in using force against another in self-defense if, among other things, that person reasonably believes the force is immediately necessary to protect against the other's use or attempted use of unlawful force. TEX. PENAL CODE ANN. § 9.31.

Self-defense is a "confession and avoidance" or "justification" defense, requiring that the defendant admit to the otherwise illegal conduct before he may assert the defense. *Shaw v. State*, 243 S.W.3d 647, 659 (Tex. Crim. App. 2007); *Fury v. State*, 607 S.W.3d 866, 876 (Tex. App. —Houston [14th Dist.] 2020, pet. ref'd). A defendant cannot both flatly deny the charged conduct and invoke self-defense. *Gamino v. State*, 537 S.W.3d at 511-12; *Fury v. State*, 607 S.W.3d at 876.

Bryant was charged with intentionally, knowingly, and recklessly causing bodily injury to M.H., a person with whom he had a dating relationship, by intentionally knowingly, and recklessly impeding the normal breathing or circulation of the blood of M.H. by applying pressure to the throat or neck of M.H. Bryant explicitly denied that he choked or strangled M.H. Bryant acknowledged grabbing M.H.'s arms and throwing a bottle at her, but specifically denied the charged conduct. Because he did not admit to the charged conduct, Bryant was not entitled to a jury instruction on self-defense. *See Fury v. State*, 607 S.W.3d at 876. We overrule Bryant's sole issue on appeal.

### Conclusion

We affirm the trial court's judgment.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
     Justice Neill, and
     Justice Johnson
Affirmed
Opinion delivered and filed April 21, 2021
Do not publish
[CR25]

