

IN THE
TENTH COURT OF APPEALS

No. 10-19-00191-CR

PHILLIP ANDREW CAMPBELL,

                                                           Appellant

 v.

THE STATE OF TEXAS,

                                                           Appellee

From the 413th District Court
Johnson County, Texas
Trial Court No. DC-F201700948

OPINION

The jury convicted Phillip Campbell of the offense of murder and assessed his punishment at confinement for life. We affirm.

BACKGROUND FACTS

Phillip Campbell and Jade Wright were friends, and Campbell would purchase drugs from Wright on occasion. On October 5, 2017, Campbell and Wright agreed to meet at a hotel where Campbell would give her money in exchange for sex. Campbell

testified that he and Wright engaged in erotic asphyxiation during sex. Wright died of manual strangulation.

## JURY CHARGE

In his sole issue on appeal, Campbell argues that the trial court erred in defining "intentionally" in the jury charge. If error exists in the jury charge, we analyze the harm, if any, resulting from the error. *See Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). If the error was preserved by objection, as it was in this case, any error that is not harmless will constitute reversible error. *Id*. The actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *Almanza v. State*, 686 S.W.2d at 171. To obtain a reversal for jury-charge error, an appellant must have suffered actual harm, not merely theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012); *Arline v. State*, 721 S.W.2d 348, 352 (Tex. Crim. App. 1986).

Campbell objected to the trial court's definition of "intentionally" in the jury charge. The charge defined intentionally as:

> A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

Campbell contends that intentional murder is a result of conduct offense and that the charge was in error because it defined intentionally as it relates to both the "nature" of his conduct as well as the "result" of his conduct.

Assuming without agreeing that the trial court erred in charging the jury on the definition of intentionally, we find that any error was harmless. A person commits the offense of murder if he:

> (1) intentionally or knowingly causes the death of an individual;
> (2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual; …

TEX. PENAL CODE ANN. § 19.02 (b). The indictment alleged that Campbell intentionally or knowingly caused the death of Wright by impeding the normal breathing or circulation of the blood of Wright or by applying pressure to the throat or neck of Wright. The indictment further alleged in the alternative that Campbell, with intent to cause serious bodily injury to Wright, committed an act clearly dangerous to human life that caused the death of Wright by impeding the normal breathing or circulation of the blood of Wright or by applying pressure to the throat or neck of Wright.

The application portion of the charge tracked the language of the indictment and authorized the jury to convict Campbell of the offense of murder if they found beyond a reasonable doubt that he 1) intentionally caused the death of Wright, 2) knowingly caused the death of Wright, or 3) with intent to cause serious bodily injury, committed an act clearly dangerous to human life and caused the death of Wright. The jury returned

a general verdict that does not indicate on which alternative theory of murder it convicted Campbell.

Campbell contends that the jury could have convicted him based upon a finding that he intended the conduct, choking Wright, and not the result. To obtain a reversal for jury-charge error, an appellant must have suffered actual harm, not merely theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012). The jury was authorized to convict Campbell of murder if they found he knowingly caused the death of Wright. Although the abstract portion of the charge defined intentionally in relation to both the result of conduct and the nature of conduct, the charge limited the definition of knowingly to result of conduct. The jury could have convicted Campbell by finding that he intentionally caused the death of Wright in that he intended the result of his conduct or that he knowingly caused the death of Wright. Because the jury charge provided alternative manner and means as well as alternative mental states, Campbell has not shown actual harm in the jury charge.

In addition, the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *Almanza v. State*, 686 S.W.2d at 171. The State presented evidence that Campbell was in possession of numerous pornographic videos that contained acts of manual strangulation and necrophilia. The State also presented

evidence that Wright died from manual strangulation that would require a strong compressive force for three to five minutes to cause death. The State emphasized in its closing arguments that Campbell intended to kill Wright based on his sexual fantasies. Viewing any harm in light of the entire jury charge, the state of the evidence, and the argument of counsel, we find that any error in the jury charge was harmless. We overrule Campbell's sole issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
        Justice Neill, and
        Justice Johnson
(Chief Justice Gray dissenting)
Affirmed
Opinion delivered and filed May 19, 2021
Publish
[CRPM]

