**Affirmed and Opinion Filed April 24, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-01189-CR

**JOSHUA LOUDELL BASHAM, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 1**
**Hunt County, Texas**
**Trial Court Cause No. CR2200041**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Garcia
Opinion by Justice Pedersen, III

A jury found appellant Joshua Loudell Basham guilty of Assault Causing Bodily Injury—Family Violence. The trial court assessed appellant's punishment at confinement in the Hunt County Jail for 300 days. In a single issue in this Court, appellant contends that the evidence is legally insufficient to support his conviction. We affirm the trial court's judgment.

## Background

At the time of events made the basis of his prosecution, appellant was married to, but separated from, the complaining witness, Aundrea Courns.[1] On November 26, 2021, the day after Thanksgiving, appellant and Courns had gone together to shop for Christmas gifts for their daughter. Courns drove them in her car; appellant had parked his car in a lot across the street from Courns's apartment. After shopping, Courns was driving back to that lot to drop appellant off to get his car, when an argument arose between them.

At trial, Courns described the incident this way:

> Josh was sitting in the passenger seat of my car, and we—I had been trying to get him to get out of my car, and he refused. And he was screaming at me and accusing me of having an affair with my neighbor and several other people. And I kept telling him, no, I wasn't having an affair. I don't know why you were saying all these things. And he was just—kept just going on and on, you know, just pounding it in that I was doing these things. And eventually, I just—was just like, okay, maybe I am doing those things. Can you still please get out of my car? And he didn't like that response, and that's when he backhanded me across this side of my face and my ear.

Courns was upset by this, and she wanted appellant out of her car. When asked about appellant's demeanor, she said he was "upset," and he was "saying things that to me didn't make any sense, and he was just unconsolable, I guess you could say."

---

[1] Initial court documents refer to the complaining witness as "Aundrea Basham." Between the time of the charge against appellant and trial, the couple had divorced, and she had changed her name to "Aundrea Courns," which is how we will refer to her.

Courns testified further that immediately after appellant struck her, she got out of the car, called the police, and arranged to meet an officer at her apartment. Appellant got out of the car and walked away.

Courns drove to her apartment, and Officer Brennan Drozeski of the Corinth Police Department arrived within five minutes of her call. Drozeski testified at trial that he observed "marks or injuries" on Courns. He took two pictures of her face that day; those pictures were admitted into evidence and showed what Drozeski said were "red marks on her face."

Courns testified to the pain caused by appellant's "backhand," saying:

> Initially, it stung when he did it. Afterwards, my ear was still stinging and still like—maybe, like, a wasp had, like, stung you is the way I would describe it.

She stated that her ear was sore for a day or two afterwards.

Appellant testified at trial; his description of events was different. He agreed that they'd been Christmas shopping, but he stated that, on the way home: "There was an argument about a tough situation that we disagreed upon." He said that both of them were upset, and he asked her to take him to his car so he could go home. She drove up to the car and slowed down but did not stop. The two continued to have "an exchange" about that situation, and he asked her again to stop the car so he could get out. But then, he testified, "she said something very hateful to me, and I put the car in park and got out." He explained that he reached over to the console, grabbed

the gear shift, and pushed it into park, causing the car to stop "[r]ather abruptly." Then he got out and walked away.

Appellant testified that he did not at any time strike, or slap, or backhand Courns. He stated, "I did not touch her."

The jury found appellant guilty of assaulting a family member by causing her bodily injury. The trial court sentenced him to 300 days in the county jail. This appeal followed.

## Discussion

Appellant was charged by information with:

> intentionally, knowingly, and recklessly caus[ing] bodily injury to Aundrea [Courns], a member of the Defendant's family . . . by striking the head of the victim with the hand of the Defendant.

See TEX. PENAL CODE ANN. § 22.01(a)(1). Accordingly, the State was required to prove both the act charged (that appellant struck Courns in the head with his hand causing her bodily injury) and one of the mental states charged (intentionally, knowingly, or recklessly). In a single issue on appeal, appellant challenges the sufficiency of the evidence proving a culpable mental state.

We review appellant's challenge by examining the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate the weight of the evidence. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Nor may we replace

–4–

the factfinder's judgment with our own. *Id*. We defer to the jury's responsibility "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (quoting *Jackson,* 443 U.S. at 318–19).

Assault causing bodily injury is a result-oriented offense. *Price v. State*, 457 S.W.3d 437, 442 (Tex. Crim. App. 2015) ("The gravamen of assault with bodily injury is injury, a result of conduct."). And the necessary result of this offense—"bodily injury"—is "physical pain, illness, or any impairment of physical condition." PENAL § 1.07(a)(8). For example, then, the State could prove appellant acted with the requisite recklessness if it established that he was aware of, but consciously disregarded, a substantial and unjustifiable risk that Courns would experience physical pain as a result of striking her with his hand. *Id.* § 6.03(c). The risk appellant ignored must have been "of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint." *Id.* The mental state of an accused is most often established by circumstantial evidence. *See Nisbett v. State*, 552 S.W.3d 244, 267 (Tex. Crim. App. 2018) ("By its nature, a culpable mental state must generally be inferred from the circumstances."). We draw inferences of mental state from an individual's acts, words, and conduct. *Id.*

At trial, appellant denied striking Courns. However, the act was proven by direct evidence that he does not challenge on appeal: Courns's testimony,

Drozeski's testimony, and the photographs of Courns's face taken the day of the incident. Accordingly, we proceed from the premise that appellant did in fact backhand or slap Courns across her face and ear.

After examining the record as a whole, we conclude the following evidence supports the jury's finding that appellant acted—at a minimum—with recklessness in this case:

- Courns testified that leading up to the assaultive contact, appellant was shouting repeatedly at her and was not making sense; the jury could have inferred from this conduct that he was so upset that he was not exhibiting reasonable behavior.

- Courns related that she made a sarcastic response to appellant's unfounded accusations. (Appellant called it a "very hateful" remark.) He "didn't like that" and responded by striking her; the jury could have inferred that after hearing Courns's caustic response, appellant lashed out against her in anger.

- The red marks across Courns's face, evidenced by Drozeski's testimony and the photographs, indicate that appellant lashed out with significant force; the jury could have inferred that—in his anger—he ignored the obvious risk that striking out with such force would cause Courns pain.

We conclude a rational jury could have inferred from the evidence at trial that appellant acted recklessly when he struck Courns, i.e., he was aware of, but consciously disregarded, the substantial and unjustifiable risk that by striking Courns, he would cause her physical pain. And a rational jury could also have inferred that when appellant struck Courns as he did—in the face of that risk—he deviated grossly from the standard of care that a reasonable person would have exercised under those circumstances. *See* PENAL § 6.03(c).

The evidence is sufficient to support the jury's finding that appellant acted recklessly when he struck Courns. We overrule his single appellate issue.

## Conclusion

We affirm the trial court's judgment.

/Bill Pedersen, III/

221189f.u05
Do Not Publish
TEX. R. APP. P. 47

BILL PEDERSEN, III
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

JOSHUA LOUDELL BASHAM,
Appellant

No. 05-22-01189-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at
Law No. 1, Hunt County, Texas
Trial Court Cause No. CR2200041.
Opinion delivered by Justice
Pedersen, III. Justices Partida-
Kipness and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 24th day of April, 2024.