# Court of Appeals
## Tenth Appellate District of Texas

10-23-00340-CR

Robert Speed,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
52nd District Court of Coryell County, Texas
Judge Trent D. Farrell, presiding
Trial Court Cause No. 21-26674

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

## OPINION

Appellant Robert Speed was indicted on five counts of possession of child pornography. *See* TEX. PENAL CODE ANN. § 43.26(d). A jury found Speed guilty of Counts one, two, and three, and acquitted him on Counts four and five. The trial court assessed punishment at six years' confinement on each of the three counts and ordered the sentences to run consecutively. In his sole issue, Speed

argues that the trial court erred in charging the jury on the applicable mental states. We will affirm.

## A. Background

Because there is no challenge to the sufficiency of the evidence, we will summarize the underlying facts only briefly. After receiving a tip from the National Center of Missing and Exploited Children, the Texas Attorney General's Child Exploitation Unit obtained a search warrant for devices in Speed's home that could potentially hold the contents of child pornography. Sergeant Dominique Moore, with the Attorney General's Office, testified that he interviewed Speed while other officers searched the home.

During the interview, Speed said that he was the only person with access to his laptop computer and that it was password protected. Speed acknowledged that he downloaded adult pornography on his laptop computer. He explained that he would view thumbnail images of pornography and then download images he wanted to view later. Speed said that sometimes he would delete downloaded images that he thought were too bad to keep.

Officers seized thirteen devices from Speed's home, and six of those contained child pornography. Speed's laptop computer contained 1,132 images of child pornography and seven videos of child pornography. Each of the files described in the five counts of the indictment were found on Speed's laptop

computer. Child pornography was also found on two cellphones, USB hardware, a USB thumb drive, and a micro-SD card seized from Speed's home.

## B. Issue One

In his sole issue, Speed argues that the trial court caused him egregious harm by failing to include all necessary culpable mental states in the jury charge.

### 1. Authority

"Appellate review of claims of jury-charge error first involves a determination of whether the charge was erroneous and, if it was, then second, an appellate court conducts a harm analysis, with the standard of review for harm being dependent on whether error was preserved for appeal." *Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015). If the error was preserved by objection, any error that is not harmless will constitute reversible error. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015); *Campbell v. State*, 625 S.W.3d 675, 676 (Tex. App.—Waco 2021), aff'd, 664 S.W.3d 240 (Tex. Crim. App. 2022).

If there was no objection to the error, a reversal is only required if the error presents egregious harm, meaning that the appellant did not receive a fair and impartial trial. *Reed v. State*, 680 S.W.3d 620, 625–26 (Tex. Crim. App. 2023). "Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a

defensive theory." *Id.* at 626. "In determining whether charge error resulted in egregious harm, we consider: (1) the entire jury charge; (2) the state of the evidence; (3) the final argument of the parties; and (4) any other relevant information revealed by the trial court as a whole." *Id.*

2. Discussion

Section 6.03 of the Texas Penal Code sets out: four culpable mental states—intentionally, knowingly, recklessly, and criminally negligently. *See* TEX. PENAL CODE ANN. § 6.03; *Price v. State*, 457 S.W.3d 437, 441 (Tex. Crim. App. 2015). In addition, Section 6.03 sets out the possible conduct elements— nature of the conduct and result of the conduct; and the effect of the circumstances surrounding the conduct. *See* TEX. PENAL CODE ANN. § 6.03; *Price*, 457 S.W.3d at 441. In a jury charge, the language in regard to the culpable mental state must be tailored to the conduct elements of the offense. *Price*, 457 S.W.3d at 441.

A person commits the offense of possession of child pornography if he "knowingly or intentionally possesses, or knowingly or intentionally accesses with intent to view, visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct." TEX. PENAL CODE ANN. § 43.26(a). The trial court instructed the jury as follows:

A person acts intentionally, or with intent, with respect to the nature of his conduct when it is his conscious objective or desire to engage in the conduct.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist.

Speed argues that the trial court erred in charging the jury because all three conduct elements—nature of conduct, result of conduct, and circumstances surrounding the conduct—were required in the charge. He complains that the trial court's charge defined intentionally and knowingly only as to nature of conduct.

We use the gravamen of the offense to decide which conduct elements should be included in the culpable mental-state language. *Price*, 457 S.W.3d at 441. The gravamen of the offense is: the "gist; essence; [or the] substance" of the offense. *Id.* (quoting Ballentine's Law Dictionary 534 (3rd ed.1969). Generally, the statutory language determines whether a crime is a "result of conduct," "nature of conduct," or "circumstances of conduct" offense. *Young v. State*, 341 S.W.3d 417, 423 (Tex. Crim. App. 2011).

A nature of conduct crime, such as gambling or assault by threat, is criminalized because the nature of the act itself is unlawful, regardless of any result that might occur. *McQueen v. State,* 781 S.W.2d 600, 603 (Tex. Crim. App. 1989). "[T]he act itself is the gravamen of the offense." *Young v. State,*

341 S.W.3d 417, 423 (Tex. Crim. App. 2011). When specific acts are criminalized because of their very nature, a culpable mental state must apply to committing the act itself. *McQueen,* 781 S.W.2d at 603. A result of conduct crime, such as murder or injury to a child, is one in which unspecified conduct is criminalized because of its result. *Id.* When unspecified conduct is criminalized because of its result, a culpable mental state must apply as to that result. *Id.*

Speed contends that possession of child pornography is a possession offense and that there is no agreement among Texas courts regarding the classification of possession-type offenses and their constituent conduct elements. The State acknowledges that the Texas Court of Criminal Appeals has not squarely addressed the issue of the classification of possession-type offenses but suggests that the reasoning used by courts of appeals in possession offenses determining those offenses to be nature of conduct rather than result of conduct is persuasive. We agree.

In *Peek v. State*, the defendant was convicted of possession with intent to deliver methamphetamine. 494 S.W.3d 156, 159 (Tex. App.—Eastland 2015, pet. ref'd). The trial court's jury instruction defined intentionally with respect to nature of conduct only. *Id.* at 161. The defendant complained that the trial court erred in failing to define intentionally in terms of the result of conduct. *Id.* at 162.

On appeal, the court noted that to commit the charged offense, the defendant had to knowingly possess with intent to deliver a controlled substance. *Id.* The court determined that the gravamen of the offense was the conduct of possessing a controlled substance with the intent to deliver it because the offense focuses on the nature of the defendant's conduct rather than any result that might occur. *Id.* The court concluded that the trial court did not err in defining intentionally and knowingly because the act of "knowingly" possessing the controlled substance with intent to deliver is punished, regardless of any result. *Id.*

To commit the offense of possession of child pornography, Speed had to "knowingly or intentionally possess, or knowingly or intentionally access with intent to view," visual material containing child pornography. TEX. PENAL CODE ANN. § 43.26(a). As in *Peek*, we reason that the gravamen of the offense is the conduct of possessing the child pornography because the offense focuses on the nature of Speed's conduct rather than any result that might occur. *Peek*, 494 S.W.3d at 162. The act of knowingly possessing or accessing the child pornography is punished, regardless of any result. *Id.* Therefore, we conclude that the trial court did not err in defining intentionally and knowingly in the charge. *See id.*

Moreover, even if it was error, because Speed did not object to the trial court's instruction, we will reverse only if any error resulted in egregious harm.

*See Reed*, 680 S.W.3d at 625–26. Charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Villareal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015). Egregious harm is a "high and difficult standard" to meet, and such a determination must be "borne out by the trial record." *Id.* (quoting *Reeves v. State,* 420 S.W.3d 812, 816 (Tex. Crim. App. 2013)). We will not reverse a conviction unless the defendant has suffered "actual rather than theoretical harm." *Id.* (quoting *Cosio v. State,* 353 S.W.3d 766, 777 (Tex. Crim. App. 2011)). We review the entire jury charge, the state of the evidence, and the final arguments in determining whether Speed suffered egregious harm. *Reed*, 680 S.W.3d at 626.

The Court of Criminal Appeals has held that, "[w]here the application paragraph correctly instructs the jury, an error in the abstract instruction is not egregious." *Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999). The application paragraph for each count tracked language of the indictment, the statutory language for possession of child pornography, and the elements of the charged offense. *See Gonzalez v. State*, No. 11-22-00117-CR, 2024 WL 2965154, at *4 (Tex. App.—Eastland June 13, 2024, no pet.) (mem. op., not designated for publication).

Speed does not argue that the evidence is insufficient to support his convictions, nor does he deny that child pornography was found on his

electronic devices. His defensive theory was that he did not knowingly possess child pornography but rather the files found on his devices were imbedded within adult pornography that he downloaded. The evidence showed that six of Speed's devices contained multiple images of child pornography. Speed admitted that he viewed thumbnails of the images before downloading them and that he deleted images that were too bad to keep. During closing arguments, Speed's counsel explained that intentionally and knowingly mental states were required for conviction and that they "are the highest mental elements that we have."

There is nothing in the record to show that the trial court's definitions of intentionally and knowingly deprived Speed of a valuable right. *Reed*, 680 S.W.3d at 626. The jury acquitted Speed on two counts indicating that they were not confused by the definitions. After reviewing the entire jury charge, the state of the evidence, and the final arguments, we conclude that Speed did not suffer egregious harm even if there was error in the trial court's instruction to the jury. We overrule issue one.

### C. Conclusion

Having overruled Speed's sole issue on appeal, we affirm the trial court's judgment.



MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED:  August 14, 2025

Before Chief Justice Johnson,
        Justice Smith, and
        Justice Harris

Publish
CR25